Bobby Glenn BARROW, Appellant

v.

The STATE of Texas, Appellee.

No. PD–0194–05.

Court of Criminal Appeals of Texas.

Nov. 15, 2006.

Dean M. Swanda, Arlington, for appellant.

Cynthia W. Hellstern, Asst. County and District Attorney, Waxahachie, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

PRICE, J., delivered the opinion of the Court, in which KELLER, P.J., and WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

We granted the appellant's petition for discretionary review to decide whether, under *Apprendi v. New Jersey* and its progeny,[1] the trial court's decision to cumulate his sentences violated his right to have the jury assess the facts that affect the maximum range of punishment. We also granted review of appellant's claim that the judicial decision whether to cumulate is so arbitrary as to violate due process. Finding no constitutional infirmity, we affirm.

### Facts and Procedural History

The appellant was charged with two counts of sexual assault of a child, arising from the same incident, involving a fifteen-year-old victim. The jury assessed punishment at fifteen years' imprisonment for count one and twenty years imprisonment for count two. The trial court ordered the sentences to run consecutively. On appeal to the Tenth Court of Appeals, the appellant claimed that, because he elected to have the jury assess punishment, the trial judge's decision to cumulate was a violation of his constitutional right to a jury trial and his constitutional right to due process.

In an unpublished opinion, the court of appeals explained that Texas Penal Code Section 3.03 provides that when an accused is found guilty of more than one offense arising from the same criminal incident, and the offenses are violations of Section 22.011 of the Penal Code, committed against a victim younger than 17 years old, the sentences may run either consecutively or concurrently.[2] In response to the appellant's argument that this section does not designate who makes the decision to run the sentences consecutively, rather than concurrently, the court of appeals responded that Article 42.08 of the Code of Criminal Procedure vests discretion in the trial court to order concurrent or consecutive sentences.[3] Finally, the court of appeals observed that this Court has previously upheld the constitutionality of Article 42.08 in *Johnson v. State*[4] and *Hammond v. State*,[5] and summarily overruled the appellant's claims.[6]

We granted the appellant's petition to examine his claim that the court of appeals erred in overruling his fifth and sixth points of error, because the trial court erroneously cumulated his sentences in violation of his constitutional rights to a jury trial and due process, respectively. He argues that case law to the contrary should be overruled, especially in light of the recent line of opinions by the United States Supreme Court beginning with *Apprendi*.

---

1. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See also Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

2. TEX. PEN.CODE §§ 3.03, 22.011.

3. TEX.CODE CRIM. PROC. art. 42.08.

4. 492 S.W.2d 505, 506 (Tex.Crim.App.1973).

5. 465 S.W.2d 748, 752 (Tex.Crim.App.1971).

6. *Barrow v. State,* 2004 WL 3008711, 2004 Tex.App. LEXIS 11784 (Tex.App.2004).

## *Apprendi* Claim

The appellant first claims that because he elected to have the jury decide his punishment, and not the judge, his constitutional right to a jury trial was violated when the judge took it upon himself to cumulate his sentences. He argues that *Apprendi* and its progeny support the proposition that it is a violation of a defendant's Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process for the trial judge, rather than the jury, to make the decision whether to cumulate his sentences when he is convicted of two crimes arising from the same episode. We disagree that the *Apprendi* line of cases has any bearing in this context.

The Supreme Court determined in *Apprendi v. New Jersey* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[7] As Justice Scalia later explained for the Supreme Court in *Blakely v. Washington*, the statutory maximum in this context means the "maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"[8] Thus, the *Apprendi* line of cases requires that, in any case in which the defendant has elected to exercise his Sixth Amendment right to a jury trial, any discrete finding of fact that has the effect of increasing the maximum punishment that can be assessed must be made by the jury, even if that fact-finding occurs as part of the punishment determination.

The appellant relies on this determination by *Apprendi* and its progeny that *a sentence cannot be greater than that authorized by the jury's fact-finding.* But these cases hold that a trial court is prohibited from unilaterally increasing *individual* sentences on the basis of facts that were not resolved by the jury. Thus, *Apprendi* and its progeny clearly deal with the upper-end extension of individual sentences, when that extension is contingent upon findings of fact that were never submitted to the jury. These decisions do not, however, speak to a trial court's authority to cumulate sentences when that authority is provided by statute and is not based upon discrete fact-finding, but is wholly discretionary.

In the case before us, the appellant was convicted on two separate counts of sexual assault. A valid sentence within the statutorily prescribed range was imposed as to each conviction, based solely upon the jury's verdict. Each sentence reflected the facts found by the jury as to that individual count. The trial judge in no way altered either of the *individual* sentences. He imposed a sentence that reflected the findings of the jury, and each sentence was within the "statutory maximum," as authorized by their verdict of guilty, without any need for further fact-finding. The decision to cumulate the two sentences did not raise the "statutory maximum" punishment for either offense.

▮▮▮▮ The decision of what particular punishment to assess within the statutorily prescribed range for a given offense is a

---

7. 530 U.S. at 490, 120 S.Ct. 2348.

8. 542 U.S. at 303, 124 S.Ct. 2531 ("In other words," Justice Scalia says, "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose

without any additional findings"); *see also Ring v. Arizona,* supra, at 602, 122 S.Ct. 2428 ("the maximum he would receive if punished according to the facts reflected in the jury verdict alone" (quoting *Apprendi, supra,* at 483, 120 S.Ct. 2348)).

normative, discretionary function.[9] It can be made by jury or judge, at the defendant's election.[10] The decision whether to cumulate sentences is likewise a normative, discretionary function that does not turn on discrete findings of fact. It is well established that the constitutional right to a jury trial does not encompass the right to have the jury assess punishment.[11] Texas is one of the few states that allow defendants the privilege, by statute, of opting for jury assessment of punishment.[12] Even so, it is left to the trial court to determine whether multiple sentences will run consecutively or concurrently. As the court of appeals pointed out, the Texas Legislature has assigned the decision to cumulate, *vel non*, in Section 3.03 of the Penal Code and Article 42.08 of the Code of Criminal Procedure, to the trial court. It is also clear from these provisions that the decision whether to cumulate does not turn on any discrete or particular findings of fact on the judge's part. Instead, cumulating is purely a normative decision, much like the decision of what particular sentence to impose within the range of punishment authorized by the jury's verdict. As such, it does not infringe upon the Sixth Amendment guarantee of a jury trial.[13] We hold that placing the decision whether to run multiple sentences concurrently or consecutively with the trial court instead of the jury does not violate the Sixth Amendment right to a jury trial.

The *Apprendi* line of cases also requires that any fact finding that increases the "statutory maximum" punishment be made to a level of confidence "beyond a reasonable doubt." [14] We have already concluded that, because cumulating individual sentences does not implicate discrete fact finding that affects the "statutory maximum" punishment, it does not activate the Sixth Amendment right to a jury determination. We likewise conclude that because there is no discrete fact for the trial court to find, beyond a reasonable doubt or otherwise, in exercising his discretion to decide whether to cumulate sentences, the appellant has not suffered a violation of due process.

## Due Process

■ The appellant also complains that the decision by the trial court to cumulate his sentences is a violation of due process because it is essentially arbitrary, there being no definite or concrete criteria that govern the decision to cumulate. It is so arbitrary, he asserts, that the trial court is exercising "statutorily authorized judicial

9. *Sunbury v. State,* 88 S.W.3d 229, 233 (Tex.Crim.App.2002); *Mendiola v. State,* 21 S.W.3d 282, 285 (Tex.Crim.App.2000); *Rogers v. State,* 991 S.W.2d 263, 265 (Tex.Crim.App.1999); *Miller–El v. State,* 782 S.W.2d 892, 895–6 (Tex.Crim.App.1990); *Murphy v. State,* 777 S.W.2d 44, 63 (Tex.Crim.App.1988) (plurality opinion on State's motion for rehearing).

10. Tex.Code Crim. Proc. art. 37.07, § 2(b)(2).

11. *Tinney v. State,* 578 S.W.2d 137, 138 (Tex.Crim.App.1979); *Martin v. State,* 452 S.W.2d 481 (Tex.Crim.App.1970); *Johnson v. State,* 436 S.W.2d 906 (Tex.Crim.App.1968); *Jones v. State,* 416 S.W.2d 412 (Tex.Crim.App.1967).

12. *See* 43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 38.12, at 656 (2d ed. 2001) ("In most American jurisdictions, a criminal trial is naturally bifurcated because the jury has no role in fixing the punishment of one convicted of a criminal offense. If the jury finds the defendant guilty, it is discharged. The trial judge then decides upon punishment, within the limits fixed by statute.")

13. *See United States v. Fifield,* 432 F.3d 1056, 1066–67 (9th Cir.2005) (*Apprendi* right to jury finding is not implicated in decision whether to cumulate sentences because that decision is discretionary, not fact-bound).

14. 530 U.S. at 490, 120 S.Ct. 2348.

despotism." [15] The appellant asks us to overrule *Johnson* and *Hammond,* complaining of the summary nature of our holdings in those cases. We decline to overrule them, but we endeavor now to explain in more depth why the discretionary decision whether to cumulate individual sentences no more violates due process than does the decision, by judge or jury, of what particular sentence to impose within the statutorily prescribed range of punishment.

As we have already noted, aside from a few specific instances where the range of punishment depends upon the determination of discrete facts,[16] "[d]eciding what punishment to assess is a normative process, not intrinsically factbound." [17] Indeed, we have described the jury's discretion to impose any punishment within the prescribed range as essentially "unfettered." [18] Subject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-dispro-

portionality review,[19] a punishment that falls within the legislatively prescribed range, and that is based upon the jury's (or trial court's, in a bench trial) informed normative judgment, is unassailable on appeal. The same thing is true for the discretionary decision whether to cumulate sentences. The Legislature was not required to provide the option to cumulate sentences at all. That the Legislature did so provide, but then reserved the cumulation aspect of punishment for the judge rather than the jury, does not change its essentially normative, non-fact-bound character.

The discretionary assessment of punishment within legislatively prescribed boundaries has long been ingrained and accepted in American jurisprudence. In *United States v. Booker,* the Supreme Court observed that it has "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." [20] Further, the Court

**15.** The appellant goes to great pains to define the term "despot." WEBSTER'S NEW WORLD COLLEGE DICTIONARY 374 (3d ed.1997) defines a "despot" as "2 an absolute ruler; king with unlimited power; autocrat." But a judge does not exercise "unlimited" power when he makes a decision, as an elected official, based on a statute authorized by the people of Texas through their duly elected representatives in the Legislature. As we have previously discussed, the legislature has actually provided more protection than even the Sixth Amendment guarantees by allowing jury assessment of punishment. In states that do not provide for jury-assessed punishment, the entire punishment process is reserved as a judicial function.

**16.** *See Murphy v. State, supra,* at 62–63, n. 10.

**17.** *See note 9, ante.*

**18.** *Miller–El v. State, supra,* at 895.

**19.** *See Lockyer v. Andrade,* 538 U.S. 63, 72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (that

a "gross-disproportionality" principle applies to sentences of terms of years under the Eighth Amendment is "clearly established" federal law, but Supreme Court case law on the subject "exhibit[s] a lack of clarity regarding what factors may indicate gross disproportionality"). *See also, e.g., Thomas v. State,* 916 S.W.2d 578 (Tex.App.-San Antonio 1996, no pet.); *Jacobs v. State,* 80 S.W.3d 631 (Tex. App.-Tyler 2002, no pet.); *Davis v. State,* 125 S.W.3d 734 (Tex.App.-Texarkana 2003, no pet.).

**20.** 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (*citing* generally, *Apprendi,* 530 U.S., at 481, 120 S.Ct. 2348; *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949)). In *Williams* the Supreme Court had observed that, "both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law." 337 U.S. at 246, 69 S.Ct. 1079.

went on to say, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."[21] We do not believe that the legislatively endowed, normative decision whether to cumulate sentences exceeds that level of discretion that the Supreme Court has always recognized as consistent with due process. The Legislature has charged the trial court with the determination of whether to cumulate, and the trial court is free to make this determination so long as the individual sentences are not elevated beyond their respective statutory maximums.

## Conclusion

The judgment of the court of appeals is affirmed.

MEYERS, J., filed a dissenting opinion.

MEYERS, J., filed a dissenting opinion.

I respectfully dissent from the majority's holding that a trial judge has discretion to cumulate jury-determined sentences under Texas Penal Code Section 3.03. Unlike Article 42.08 of the Code of Criminal Procedure, the language of 3.03(b) does not explicitly vest the trial court with the right to decide whether sentences will run consecutively or concurrently. Rather, Section 3.03 provides that when an accused is found guilty of more than one offense arising out of the same criminal episode, and the offenses are violations of Section 22.011 of the Penal Code committed against a victim younger than 17 years old, the sentences *may* run consecutively or concurrently. The statute does not address who makes the decision, or if the grant of discretion to the trial

judge is proper if the jury is the finder of fact at punishment.

The issue in this case is one unique to the Texas bifurcated trial system. We have long held that neither the Texas nor the Federal Constitutional right to a trial by jury include the right to have the jury assess punishment. *See e.g., Ex parte Moser,* 602 S.W.2d 530, 533 (Tex.Crim. App.1980). However, a defendant in Texas receives more protection than provided by the Sixth Amendment in that he has the statutory choice of having his punishment assessed by a jury of his peers in addition to his constitutionally guaranteed right to a jury trial. Allowing the trial judge to cumulate the jury-determined sentences is contrary to this choice of having a jury of peers assess punishment rather than a judge.

The majority states that the legislature assigned the decision to cumulate to the trial court in both Section 3.03 of the Penal Code and Article 42.08 of the Code of Criminal Procedure. However, as already discussed, Section 3.03 does not address who is to make the decision. Article 42.08 provides that when the same defendant has been convicted in two or more cases, the judgment in the second and subsequent convictions may, at the discretion of the trial court, run either concurrently or consecutively with the other sentences. The Article also provides that the court must order that sentences for offenses committed while the defendant is an inmate in the Texas Department of Criminal Justice will run consecutively with the current sentence.

Article 42.08 applies in two types of situations: those in which the defendant is being tried for several crimes in one trial; and those in which the defendant is convicted a second time while still serving his

21. *Id.*

sentence from a previous conviction. When the convictions result from separate trials, it makes sense for the judge to determine whether or not to cumulate the sentences. In those situations, only the judge has access to all the facts relevant to the cumulation decision, because neither jury was the fact-finder for both cases. However, when the two cases are tried together, if the defendant has elected jury punishment, the jury does have all the facts relevant to sentencing and should be permitted to determine the cumulation issue, just as they decide all other punishment issues.

Because I disagree with the majority holding that the trial judge has discretion to cumulate jury-determined sentences under Section 3.03, I respectfully dissent.