IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0231-06
 



 


EFRAIN ALAMEDA, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY







Holcomb, J., filed a dissenting opinion.



 I respectfully dissent from the majority's holding that it was within the trial judge's discretion to
order cumulation of the two 30-year sentences determined by the jury in this case.

 In making this determination, the majority relies on our recent decision in Barrow v. State, 207
S.W.3d 377 (Tex. Crim. App. 2006), and goes so far as to hold that "the [Apprendi v. New Jersey, 530
U.S. 466 (2000)] line of cases does not [even] apply to a trial court's decision to cumulate jury-imposed
sentences." I respectfully disagree. Indeed, for the reasons discussed below, I believe that Barrow itself
might have been wrongly decided. (1)

Applicability of the Apprendi line of cases

 In Barrow, this Court stated that 

 these cases [Apprendi and its progeny] hold that a trial court is prohibited from unilaterally
increasing individual sentences on the basis of facts that were not resolved by the jury. 
Thus, Apprendi and its progeny clearly deal with the upper-end extension of individual
sentences, when that extension is contingent upon findings of fact that were never submitted
to the jury. These decisions do not, however, speak to a trial court's authority to cumulate
sentences when that authority is provided by statute and is not based upon discrete fact-finding, but is wholly discretionary.


 Barrow, 207 S.W.3d at 379 (emphasis in original).

 In other words, Barrow dictates that the Apprendi line of decisions is applicable only in cases
where a trial court has (1) unilaterally increased (2) individual sentences (3) on the basis of facts that were
not resolved by the jury; but that it is not applicable in cases where the trial court's authority to cumulate
sentences (1) is provided by a statute, (2) is not based upon discrete fact-finding, but (3) is "wholly
discretionary." I respectfully disagree with such a narrow reading of Apprendi and its progeny.

 It is true that in the Apprendi line of cases, the trial court had unilaterally increased individual
sentences on the basis of facts not found by the jury. See e.g., Apprendi, supra (trial court imposed
enhanced sentence on its separate finding that the crime had been motivated by racial bias); Ring v.
Arizona, 536 U.S. 584 (2002) (trial court entered "Special Verdict," increasing Ring's sentence from life
to death, based on its separate finding of aggravating factors justifying the imposition of death under the
Arizona statute); Blakely v. Washington, 542 U.S. 296 (2004) (trial court imposed an "exceptional"
sentence after making a judicial determination that the defendant had acted with "deliberate cruelty"); and
United States v. Booker, 543 U.S. 220 (2005) (trial court required by the Federal Sentencing Guidelines
to impose an enhanced sentence based on judicial determination of facts not submitted to the jury). 
However, the United States Supreme Court did not restrict its decision to these particular circumstances. 
As that Court clearly articulated, "the relevant inquiry is one not of form, but of effect -- does the required
finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" 
Apprendi, 530 U.S. at 494 (emphasis added). See also Ring, 536 U.S. at 604 ("the relevant inquiry is
one not of form, but of effect") (emphasis added).

 The use of the words "required finding" in Apprendi might tempt the majority in the present case
to reiterate the aforementioned Barrow holding that the Apprendi line of cases only "deal[s] with the
upper-end extension of individual sentences, when that extension is contingent upon findings of fact that
were never submitted to the jury," but that "[t]hese decisions do not . . . speak to a trial court's authority
to cumulate sentences when that authority is provided by statute and is not based upon discrete fact-finding,
but is wholly discretionary." Barrow, 207 S.W.3d at 379. But in so doing, the majority in this case would
be emphasizing "form" over "effect," the very practice that the Apprendi line of cases discouraged, as
shown in the above-cited quote. Moreover, the prohibited "effect" is quite clear in both Barrow and the
present case. Thus, in Barrow, the jury had assessed the defendant's punishment at 15 years'
imprisonment for count one and 20 years' imprisonment for count two. Since under the prevailing statute,
Article 42.08 of the Texas Code of Criminal Procedure, (2) the jury is not required to indicate whether it
expected those sentences to run concurrently or consecutively, there is no way to know whether it intended
the defendant to spend a total of 20 years (if the sentences ran concurrently) or 35 years (if the sentences
ran consecutively) in prison. Thus, if the jury had in fact determined that the appropriate punishment for
Barrow was a total of 20 years' imprisonment, the judge's decision to cumulate the two sentences, resulting
in a total of 35 years' imprisonment, in "effect" increased the jury-assessed sentence by fifteen years. And
the fact that the judge based this decision without any additional fact-finding, or any input from the jury on
this question, makes such just the kind of arbitrary decision-making that Apprendi and its progeny
condemned. See, e.g., Booker, 543 U.S. at 238-39 ("The Framers of the Constitution understood the
threat of 'judicial despotism' that could arise from 'arbitrary punishments upon arbitrary convictions'
without the benefit of a jury in criminal cases.") (emphasis added).

 Similarly, in the present case, the jury assessed punishment at 30 years for each of the two counts
on which appellant was convicted; and, without any additional fact-finding nor input from the jury, the trial
court cumulated that punishment to 60 years. Thus, again, if the jury, in assessing punishment, had in fact
intended those sentences to run concurrently, the trial court in "effect" doubled the intended punishment,
simply and solely because it was empowered to do so under Article 42.08. (3) In other words, the judge's
decision to cumulate, which Barrow called "wholly discretionary," (4) is in fact wholly arbitrary, violating the
constitutional mandate of Apprendi and its progeny, as well as all the sources cited therein.

 Finally, the fact that the "trial court's authority to cumulate sentences . . . is provided by statute" (5)
is of no constitutional significance, considering the United States Supreme Court did not hesitate to
invalidate statutes providing similar authority to trial courts, in the Apprendi line of cases. See, e.g.,
Apprendi, 530 U.S. at 497 ("The New Jersey ["hate crime" statute] challenged in this case is an
unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system");
Ring, supra, (invalidating the Arizona statutory scheme allowing the judge to sentence the defendant to
death, upon the judge's independent determination of one or more aggravating factors enumerated in the
statute); Blakely, supra (invalidating the Washington statute that authorized the trial court to impose an
"exceptional" sentence, after making a judicial determination that the defendant had acted with "deliberate
cruelty").

The Jury Assessment of Punishment

 As this Court stated in Barrow:

 It is well established that the constitutional right to a jury trial does not encompass the right
to have the jury assess punishment. Texas is one of the few states that allow defendants
the privilege, by statute, of opting for jury assessment of punishment. Even so, it is left to
the trial court to determine whether multiple sentences will run consecutively or
concurrently. As the court of appeals pointed out, the Texas Legislature has assigned the
decision to cumulate, vel non, in Section 3.03 of the Penal Code and Article 42.08 of
the Code of Criminal Procedure, to the trial court. It is also clear from these provisions
that the decision whether to cumulate does not turn on any discrete or particular findings
of fact on the judge's part. Instead, cumulating is purely a normative decision, much like
the decision of what particular sentence to impose within the range of punishment
authorized by the jury's verdict. As such, it does not infringe upon the Sixth Amendment
guarantee of a jury trial.


Barrow, 207 S.W.3d at 380.

 I do not dispute whether "[i]t is well established that the constitutional right to a jury trial does not
encompass the right to have the jury assess punishment." Id. It should be noted, however, that Barrow
cited no authority to support its proposition that Texas allows defendants only a privilege, not a right, to opt
for jury assessment of punishment. On the contrary, in the section just preceding the one cited by Barrow
to show that "Texas is one of the few states that allow defendants" to opt for jury-assessed punishment,
id. at 380 (citing 43 G. Dix & R. Dawson, Texas Practice: Criminal Practice and Procedure § 38.12
at 656 (2d ed. 2001)), clearly states that Texas in fact provides the defendant with a right, not just a
privilege, to such option. See 43 G. Dix & R. Dawson, supra, § 38.11 at 656 ("Texas law provides the
defendant with a right to jury sentencing. The right is purely statutory.")(emphasis added). Having made
the decision to vest the defendant with such a right, Texas should have also ensured that the right would
be absolute. Yet, by simultaneously vesting the trial judge with the authority to decide whether to cumulate
the jury-assessed sentences, without any input from the jury on this critical decision, thwarts its own
laudable objective. In other words, Texas giveth, but then Texas taketh away. The result is not only
unconscionable but in fact unconstitutional, as illustrated by Barrow and the case before us now.

 As we discussed in the previous section, the jury assessed Barrow's punishment at 15 and 20
years' imprisonment. It was the trial court's decision to cumulate those sentences, turning it into one long
sentence of 35 years' imprisonment. Even though Texas law might have authorized the judge to do so, the
practical "effect" (as emphasized by the Apprendi line of cases) is that the judge might well have increased
Barrow's punishment by 15 years, if the jury had determined those two sentences with the expectation that
they would be ordered to run only concurrently. Indeed, the jury might well have assessed Barrow's
punishment at only 12 years' imprisonment, on each of the two counts, had they known that the judge
would cumulate the two sentences. But the practical "effect," once again, is that Texas law - in spite of
its claims to the contrary - gives the jury only a minor role in assessing punishment, while reserving the right
for the judge to double that assessment, for any or no reason whatsoever. The constitutional danger of such
unchecked discretion is clear when one stops to consider that, under the present statutory scheme, it would
be perfectly legal for a judge to order two 30-year sentences to run consecutively if the defendant were
black, but only concurrently if the defendant were white, without needing to even explain his reasons for
the disparate decisions. Such is precisely the kind of "discretion" prohibited by Apprendi and its progeny. (6)

The Texas Law

 As cited in the previous section, the Barrow Court stated that

 the Texas Legislature has assigned the decision to cumulate, vel non, in Section 3.03 of
the Penal Code and Article 42.08 of the Code of Criminal Procedure, to the trial court. 
It is also clear from these provisions that the decision whether to cumulate does not turn
on any discrete or particular findings of fact on the judge's part. Instead, cumulating is
purely a normative decision, much like the decision of what particular sentence to impose
within the range of punishment authorized by the jury's verdict. As such, it does not
infringe upon the Sixth Amendment guarantee of a jury trial.


Barrow, 207 S.W.3d at 380.

 As we discussed in the previous section, however, Texas law vests the criminal defendants with
a right, not merely a privilege, to have the jury assess their punishment. (7) The decision whether or not to
cumulate a defendant's sentences has a significant bearing on that right, inasmuch as the cumulation can
potentially double the punishment assessed by the jury. The fact that a statutory provision would allow a
judge to order such a potentially substantial increase in the jury-assessed punishment, without even requiring
the judge to make any fact-finding and thus at least objectively justify the increase, encourages precisely
the kind of arbitrary decision-making that the Apprendi line of cases prohibited.

 Moreover, it is not even clear whether the statutory law actually vests the trial judge with such
absolute discretion. The Texas Penal Code § 3.03 states:

 § 3.03. Sentences for Offenses Arising Out of Same Criminal Episode


 (a) When the accused is found guilty of more than one offense arising out of the
same criminal episode prosecuted in a single criminal action, a sentence for each offense
for which he has been found guilty shall be pronounced. Except as provided by
Subsection (b), the sentences shall run concurrently.


 (b) If the accused is found guilty of more than one offense arising out of the same
criminal episode, the sentences may run concurrently or consecutively if each sentence is
for a conviction of:


 [certain enumerated offenses, including § 22.021, Aggravated Sexual Assault, at issue in
both Barrow and the present case].


(Emphasis added. )

 Thus, as the dissent in Barrow itself correctly pointed out:

 Unlike Article 42.08 of the Code of Criminal Procedure, the language of 3.03(b) does
not explicitly vest the trial court with the right to decide whether sentences will run
consecutively or concurrently. Rather, Section 3.03 provides that when an accused is
found guilty of more than one offense arising out of the same criminal episode, and the
offenses are violations of Section 22.011 of the Penal Code committed against a victim
younger than 17 years old, the sentences may run consecutively or concurrently. The
statute does not address who makes the decision, or if the grant of discretion to the trial
judge is proper if the jury is the finder of fact at punishment.


Id. at 382 (Meyers, J., dissenting) (emphasis in original).

 As the dissent further clarified:

 Article 42.08 applies in two types of situations: those in which the defendant is
being tried for several crimes in one trial; and those in which the defendant is convicted a
second time while still serving his sentence from a previous conviction. When the
convictions result from separate trials, it makes sense for the judge to determine whether
or not to cumulate the sentences. In those situations, only the judge has access to all the
facts relevant to the cumulation decision, because neither jury was the fact-finder for both
cases. However, when the two cases are tried together, [as in Barrow and the present
case,] if the defendant has elected jury punishment, the jury does have all the facts relevant
to sentencing and should be permitted to determine the cumulation issue, just as they
decide all other punishment issues.


Id. at 382-83.

 With all due respect, I find the Barrow dissent's reasoning to be far more persuasive than that of
its majority.

Conclusion

 For all the above reasons, I believe that the majority's reliance on Barrow to dispose of the present
case is sadly misplaced. Barrow should be overruled, not followed. Since Texas has given criminal
defendants the right to opt for jury-assessed punishment, it should make that allowance wholeheartedly,
without in any way diluting that right by simultaneously giving the trial judge the absolute and unchecked
discretion to double, and possibly even triple, the punishment that the jury might have actually intended. 
Since the majority's construction of the Texas statutory scheme would authorize such an arbitrary result,
thus violating both the United States Constitution, under Apprendi and its progeny, and the statutory right
of the defendant to have jury assess punishment, under the applicable Texas law, I respectfully dissent.


FILED: JUNE 27, 2007

PUBLISH
1. In the interest of full disclosure, I admit that I had joined the majority in Barrow. But like
Justice Scalia, who declared that he had "acquired new wisdom"since his prior inconsistent position in
Walton v. Arizona, 497 U.S. 639 (1990) on this same issue of cumulating sentences, Ring v. Arizona,
536 U.S. 584, 611 (2002), I too acknowledge that I have gained new insight since Barrow; and like
Justice Scalia, I too was persuaded to reconsider my position because of the greater clarity with which
the issue has been presented in this case. See Ring, 536 U.S. at 611 ("In Walton, to tell the truth, the
Sixth Amendment claim was not put with the clarity it obtained in [Almendarez-Torres v. United
States, 523 U.S. 224 (1998)] and Apprendi.").
2. All future references to articles refer to the Texas Code of Criminal Procedure, unless
otherwise specified.
3. See, e.g., Apprendi, 530 U.S. at 495 ("But it can hardly be said that the potential doubling
of one's sentence - from 10 years to 20 - has no more than a nominal effect. Both in terms of absolute
years behind bars, and because of the more severe stigma attached, the differential here is
unquestionably of constitutional significance.") (emphasis added).
4. 207 S.W.3d at 379 ("[t]hese decisions do not . . . speak to a trial court's authority to cumulate
sentences when that authority is provided by statute and is not based upon discrete fact-finding, but is
wholly discretionary.").
5. Id.
6. See, e.g., Booker, 543 U.S. at 238-39 ("The Framers of the Constitution understood the
threat of 'judicial despotism' that could arise from 'arbitrary punishments upon arbitrary convictions'
without the benefit of a jury in criminal cases.") (emphasis added).
7. See 43 G. Dix & R. Dawson, supra, § 38.11 at 656 ("Texas law provides the defendant with
a right to jury sentencing. The right is purely statutory.")(emphasis added).