COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NOS.
2-08-320-CR 

                                               2-08-321-CR

 

 

MARIO DEMETRIUS MASAKA                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In one point, Appellant Mario Demetrius Masaka
complains that the trial court abused its discretion when it ordered that the
sentences in his two aggravated sexual assault of a child convictions be served
consecutively.  We affirm.








                              II.  Factual and Procedural History

As a juvenile, Masaka pleaded guilty pursuant to
plea bargains in two cases of aggravated sexual assault of a child; the
juvenile court adjudged him to have engaged in delinquent conduct, sentenced
him to ten years= confinement in each case, and
suspended the sentences, placing him on ten years=
community supervision, as recommended by the State in the plea bargain
agreements.  See Tex. Fam. Code
Ann. '' 53.045,
54.04(q), 54.0405 (Vernon 2008).  When
Masaka turned eighteen, his cases were transferred from the juvenile court to
the district court.  See id. ' 54.051
(Vernon 2008).

After the State filed petitions to revoke Masaka=s
community supervision, Masaka pleaded Atrue@ to each
of the alleged violations of his community supervision: contact with children
under seventeen years old without a chaperone approved by the court or the
supervision officer; possessing images depicting adult nudity; missing one of
his sex offender treatment dates; moving and failing to notify his supervision
officer within five days from his change of address; and failing to pay his
supervision and crimestoppers fees.








Only Masaka and his father testified at the
hearing.  Masaka=s father
acknowledged that Masaka should suffer the consequences of his actions, but he
asked the court to refrain from giving his son the maximum punishment
available.  Masaka testified that he had
made mistakes, apologized to the court, gave explanations for the above
violations, and asked the court for another chance.  On cross-examination, Masaka admitted that he
had been charged with committing aggravated sexual assault involving three
complainants and that, while on juvenile probation, he had committed a new
offense against one of the complainants.[2]  He admitted to touching the three
complainants, in a range of behaviors from exposure to fondling to penetration,
and to exposing his genitals to another twelve children.

The trial court found each of the community
supervision violations true and sentenced him to ten years=
confinement in each case, to be served consecutively.  This appeal followed.

                                  III.  Consecutive Sentences

Masaka complains that the trial court abused its
discretion when it ordered his sentences to be served consecutively.

A.  Standard of Review








The trial court has the discretion to determine
whether the sentences should run consecutively or concurrently.  See Tex. Code Crim. Proc. Ann. art.
42.08(a) (Vernon 2006); Beedy v. State, 250 S.W.3d 107, 110 (Tex. Crim.
App. 2008).  A trial court abuses its
discretion only when the decision lies outside the zone of reasonable
disagreement.  Green v. State, 934
S.W.2d 92, 101B02 (Tex. Crim. App. 1996), cert
denied, 520 U.S. 1200 (1997). 
Additionally, 

[s]ubject only to a very limited, Aexceedingly
rare,@ and
somewhat amorphous Eighth Amendment gross‑disproportionality review, a
punishment that falls within the legislatively prescribed range, and that is
based upon the . . . trial court=s . . .
informed normative judgment, is unassailable on appeal.  The same thing is true for the
discretionary decision whether to cumulate sentences.

Barrow v. State, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006)
(emphasis added) (internal citation omitted).

B.  Penal Code Section
3.03(b)(2)

Masaka argues that the trial court abused its
discretion because it violated section 3.03(b)(2) of the penal code.  He complains that his sentences should not
run consecutively because he Awas
placed on two probations containing the same offense, as opposed to two
offenses arising out of the same criminal episode.@

Section 3.03(b)(2) of the penal code provides:

(b) If the accused is
found guilty of more than one offense arising out of the same criminal episode,
the sentences may run concurrently or consecutively if each sentence is for a
conviction of:

 

(2) an offense:








(A) under . . . [section] 22.021
[aggravated sexual assault] committed against a victim younger than 17 years of
age at the time of the commission of the offense regardless of whether the
accused is convicted of violations of the same section more than once or is
convicted of violations of more than one section; or

(B) for which a plea agreement was reached in a case in which the
accused was charged with more than one offense listed in Paragraph (A)
committed against a victim younger than 17 years of age at the time of the
commission of the offense regardless of whether the accused is charged with
violations of the same section more than once or is charged with violations of
more than one section[.]

 

Tex. Penal Code Ann. ' 3.03(b)(2)
(Vernon Supp. 2008).[3]  Section 3.01 defines Acriminal
episode@ as:

[T]he commission of two
or more offenses, regardless of whether the harm is directed toward or
inflicted upon more than one person or item of property, under the following
circumstances:

 

(1) the offenses are
committed pursuant to the same transaction or pursuant to two or more
transactions that are connected or constitute a common scheme or plan;  or

 

(2) the offenses are the
repeated commission of the same or similar offenses. 








Id. ' 3.01 (Vernon 2003).

 

In support of his argument, Masaka asserts that AParagraph
One of each of the State=s petitions alleged the same
violation, and the paragraphs were identical,@ placing
him on two probations containing the same offense.  He complains:

Even though Section
3.03(b)(2) allows the Trial Court to order consecutive sentences if two cases
arise out of the same criminal episode, both 42.08 and 3.03 are silent on
whether a Trial Judge may order consecutive sentences for two cases arising out
of the same criminal episode when one of those cases is contained within the
other.  A common sense examination of
the clerk=s record and reporter=s record indicates that
the Trial Court did not take into account the nature of [Masaka=s] original Juvenile
Court Stipulation.  [Emphasis added.]

 

He points out that the stipulation in the written plea bargain
agreement only contained one paragraph with regard to the particular
complainant and complained-of act at issue: 
that he caused a female child=s mouth
to contact his sexual organ on or about June 13, 2003.  However, after reviewing the sealed records,
we disagree with Masaka=s interpretation of the record
and conclude that we need not address the specific, double-jeopardy-type argument
he raises in light of the facts contained within that record.  See Tex. R. App. P. 47.1.








In the sealed juvenile proceeding records, each
of the State=s petitions originally contained
a virtually identical first paragraph listing the same complainant (a female
child) and act (causing her mouth to contact Masaka=s sexual
organ)[4]Cone
petition alleged June 13, 2003, and the other alleged June 14, 2003.  The State subsequently filed an amended
petition in one of the two cases.  The
amended petition changed the identity of the complainant to one of the other
two children Masaka admitted to touching during his revocation hearing (a male
child), and it changed the act to penetration of the child=s anus
by Masaka=s penis[5]
on or about June 14, 2003.  Both
convictions were supported by the identical written plea bargain agreements
filed in each case, but those written plea bargain agreements contained
stipulations of each child=s
testimony that supported the original and amended petitions.  Therefore, the trial court did not violate
section 3.03(b)(2) when it ordered Masaka=s
sentences to be served consecutively because there were two offenses arising
out of the same criminal episode, not two probations containing the same
offense.  See, e.g., Tran v. State,
221 S.W.3d 79, 89B90 (Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d)
(holding no abuse of discretion when trial court cumulated defendant=s
sentences for three separate counts of aggravated sexual assault of the same
child).  We overrule Masaka=s sole
point.








                                          IV.  Conclusion

Having overruled Masaka=s sole
point, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

 

PANEL: MCCOY, LIVINGSTON,
and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: August 28,
2009











[1]See Tex. R. App. P. 47.4.





[2]Masaka testified that the
new offense was Afondling of one of my
previousCrevictimiz[ing] one of my
previous victims.@  He did not disagree with the statement that
he was a high risk for both boys and girls from ages three to sixteen.





[3]Section 3.03(b) provides
specific instances in which the trial court may impose consecutive sentences
even though the sentences were imposed for offenses arising out of the same
criminal episode and prosecuted in a single proceeding.  See Malone v. State, 163 S.W.3d 785,
804 (Tex. App.CTexarkana 2005, pet. ref=d) (holding that the
trial court did not abuse its discretion when it ordered defendant=s sentences for three
offenses against the same complainantCaggravated sexual assault of a child, sexual
assault, and indecency with a childCto run consecutively under section 3.03(b)).





[4]See Tex. Penal Code Ann. ' 22.021(a)(1)(B)(v),
(a)(2)(B) (Vernon Supp. 2008).





[5]See id. ' 22.021(a)(1)(B)(i),
(a)(2)(B).