# NO. 12-16-00094-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAMUEL RICARDO ANAYA, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 238TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *MIDLAND COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Samuel Ricardo Anaya, Jr. appeals from his conviction for evading arrest or detention. In three issues, he contends the evidence is insufficient to support his conviction, his due process rights were violated, and the State engaged in improper closing argument. We affirm.

## BACKGROUND

Sergeant Kenneth Angell with the Midland Police Department testified that, on the night of the offense, he was in his marked patrol vehicle and was wearing his police uniform when he responded to a call regarding a potential vehicle burglary by two men. He stopped his vehicle when he saw two men emerge from the side of a fence. Angell testified that his vehicle's headlights were on, but his red and blue lights were not.

One man began retreating into the shadows when he saw Angell. The other man, Appellant, carried an item wrapped in a shirt. Once Angell exited his vehicle, Appellant tried to distance himself from Angell. He placed his hand up in a "stiff-arm fashion." Angell stated, "Hey. Police. Come here. Police. Stop." Appellant did not stop. Angell pursued Appellant, who sped up whenever Angell sped up. Angell testified that Appellant was saying, "Why? Why? Why?" Angell instructed Appellant to stop, get on the ground, and quit running, but Appellant failed to comply. Eventually, Angell caught Appellant. Officer Ciro Chairez of the Midland

Police Department testified that he placed Appellant in handcuffs while Angell attempted to locate the second man who had fled the scene. That man was never found.

Angell testified that two new sets of hair clippers were wrapped in the shirt that Appellant had been carrying. He testified that the clippers were still inside their individual packaging. Angell subsequently learned that, on the night of the offense, there was a theft at a local shop that sold barber supplies.

The State charged Appellant with evading arrest or detention, enhanced by two prior convictions. Appellant pleaded "not guilty." A jury found Appellant guilty of evading arrest or detention. The trial court found the indictment's two enhancement paragraphs to be "true," and sentenced Appellant to imprisonment for fifteen years.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant challenges the sufficiency of the evidence to support his conviction. Appellant argues that he acted reasonably when backing away from Sergeant Angell and that the evidence failed to show he knew he was moving away from an officer, as opposed to someone intending to cause him harm.

### Standard of Review and Applicable Law

A person commits the offense of evading arrest or detention when he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. *See* TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2016). When reviewing the sufficiency of the evidence, we determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt.[1] ***Brooks v. State***, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. ***Id***. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. ***Id***.

---

[1] Appellant also challenges the factual sufficiency of the evidence. However, "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." ***Brooks***, 323 S.W.3d at 895.

2

## Analysis

In this case, the jury heard evidence that Sergeant Angell identified himself as a police officer, was in a marked patrol vehicle, and was wearing his uniform at the time of the offense. Instead of responding to Angell's commands to stop, Appellant attempted to flee the scene. Angell testified that, even after being caught, Appellant got on his hands and knees, did not want to lay on the ground, and struggled to be handcuffed.

Because Sergeant Angell was in a marked vehicle, was wearing his uniform, announced his identity, and commanded Appellant to stop, but Appellant ignored Angell's commands and resisted even after being captured, the jury could reasonably conclude that Appellant knew Angell was a police officer attempting to lawfully arrest or detain him, but Appellant intentionally fled from Angell. *See* TEX. PENAL CODE ANN. § 38.04(a). "Even a dispirited, brief attempt to walk away from an officer's command to stop has been held to be sufficient flight to constitute evading arrest or detention." *Henderson v. State*, No. 12-09-00399-CR, 2011 WL 2162820, at *5 (Tex. App.—Tyler May 31, 2011, no pet.) (mem. op., not designated for publication). Viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant committed the offense of evading arrest or detention. *See Brooks*, 323 S.W.3d at 899. We overrule issue one.

### DUE PROCESS

In his second issue, Appellant contends that his conviction and sentence should be set aside because his due process rights were violated. According to Appellant, he did nothing wrong or illegal, could not have expected a police encounter, and "[a] conviction and fifteen (15) year sentence for a flawed encounter with law enforcement seems harsh and unreasonable."

## Analysis

We first note that Appellant failed to preserve his due process complaint by neglecting to raise it in the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Pena v. State*, 285 S.W.3d 459, 463-64 (Tex. Crim. App. 2009). Even had Appellant preserved error, his complaint fails for two reasons.

First, Appellant's conviction is supported by legally sufficient evidence. The Texas Court of Criminal Appeals has rejected the argument that a conviction supported by legally

3

sufficient evidence is in violation of due process. *See **Estrada v. State***, 313 S.W.3d 274, 304-05 (Tex. Crim. App. 2010); *see also **Brooks***, 323 S.W.3d at 899 (***Jackson*** sets forth sufficiency standard of review under due process clause).

Second, Appellant was charged with a state jail felony, enhanced to a second degree offense by two prior felony convictions. His fifteen-year sentence falls within the applicable statutorily prescribed punishment range. *See* TEX. PENAL CODE ANN. §§ 12.33 (identifying second degree felony punishment of two to twenty years in prison), 12.425(b) (describing enhancement of state jail felony), 38.04(b)(1)(A) (stating when evading is a state jail felony) (West 2011 & West Supp. 2016). The trial court's decision to impose a particular sentence within the statutorily prescribed range of punishment does not violate due process. *See **Barrow v. State***, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006). Accordingly, because neither Appellant's conviction nor his sentence violate due process, we overrule issue two.

## CLOSING ARGUMENTS

In his third issue, Appellant contends that the State engaged in improper closing argument.

### Standard of Review

Proper jury argument consists of summation of the evidence, reasonable deductions from the evidence, answers to arguments of opposing counsel, and pleas for law enforcement. ***Brown v. State***, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). To determine if the prosecutor made an improper argument, we consider the entire argument in context. *See **Rodriguez v. State***, 90 S.W.3d 340, 364 (Tex. App.—El Paso 2001, pet. ref'd).

### Analysis

During closing, the State argued as follows:

> . . . That is your only decision at this point, ladies and gentlemen. Is he responsible or not? It's a serious crime.
>
> How serious, what the consequence ought to be, again, that's a decision the judge will have to make after the guilty verdict. Your decision –

Defense counsel objected, stating "Whether or not there's guilt is solely to be determined by the jury, and they can't even consider what the -- anything about any punishment." Counsel then

moved for a mistrial. The trial court denied the motion for mistrial, but instructed the jury that "it is your decision to go deliberate on guilt or innocence." Defense counsel further objected that the State's argument is "outside the four parameters for acceptable closing argument." The trial court replied, "Please move on."

On appeal, Appellant argues that the State's argument was outside the realm of proper jury argument because the "prosecutor was informing the jury a 'guilty' verdict was a forgone conclusion; and . . . causing them to ponder punishment, which they were already told, by the court not to consider during their deliberations." However, immediately after the challenged argument occurred, the trial court instructed the jury that it is solely responsible for determining guilt or innocence. The State then reiterated that it was the jury's responsibility to make that decision. In the jury charge, the trial court also included the following instructions:

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.
>
> . . .
>
> The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.
>
> . . .
>
> The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.
>
> . . .
>
> In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit the defendant and say by your verdict "Not guilty."

We construe the challenged argument as nothing more than an emphasis of the jury's responsibility to determine whether Appellant was guilty or not. Moreover, the trial court's instructions to the jury are generally considered sufficient to cure any improprieties that occur at trial. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). The record does not indicate that the State's argument was of such a nature that the jury could not ignore it and fairly examine the evidence in arriving at its verdict. *See id*. This is particularly true in light of the trial court's instructions that a determination of guilt or innocence was within the jury's sole

discretion.  We presume that the jury followed the trial court's instructions. *See id*.  For these reasons, we conclude that the trial court properly denied Appellant's motion for mistrial.  We overrule issue three.

## DISPOSITION

Having overruled Appellant's three issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered March 15, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 15, 2017**

**NO. 12-16-00094-CR**

**SAMUEL RICARDO ANAYA, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 238th District Court

of Midland County, Texas (Tr.Ct.No. CR45995)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*