

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-22-00299-CR, 04-22-00300-CR

Fernando Aniva **ALONZO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 156th Judicial District Court, McMullen County, Texas
Trial Court Nos. M-21-0042-CR-B & M-21-0043-CR-B
Honorable Patrick L. Flanigan, Judge Presiding

Opinion by: Beth Watkins, Justice

Sitting: Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: January 25, 2023

AFFIRMED

Fernando Aniva Alonzo entered open pleas to evading arrest and smuggling of persons. In a single issue in each of his appellate cause numbers, Alonzo contends that the trial court abused its discretion in assessing six and nine-year sentences for those offenses. We affirm.

### BACKGROUND

On September 13, 2021, a deputy observed a Chevrolet Silverado speeding, with a Toyota Corolla following closely behind, also speeding. The deputy suspected a trafficking operation with the driver of the Corolla acting as a scout for the driver of the Silverado. The deputy drove around

the Corolla to get behind the Silverado and activated his emergency lights to conduct a traffic stop. The Silverado began to pull onto the shoulder but then reentered the roadway and sped off. The deputy initiated a pursuit which continued for five to seven miles. As the Silverado approached a highway intersection, it was confronted with multiple law enforcement vehicles and brought to a stop. Deputies detained six Mexican citizens and arrested Alonzo, the driver.

In one indictment, the grand jury charged Alonzo with one count of evading arrest with a motor vehicle, a third-degree felony. In another indictment, the grand jury charged Alonzo with six counts of smuggling of persons (four persons "younger than eighteen" and two persons "to obtain a pecuniary benefit"), all second-degree felonies. Alonzo stipulated to these facts and entered an open plea of guilty to all seven counts. At the sentencing hearing, Alonzo testified that he came to the United States from Honduras in 2010 to "have a better future." Alonzo said he worked as a roofer, and that the adults he transported were looking for work and had brought their children with them. Alonzo asked the trial court for a five-year sentence.

The State cross-examined Alonzo about his prior arrests and his failure to pull over. Pointing to the offenses here and Alonzo's history of substance abuse, the State asked the trial court to sentence Alonzo to a range between ten and fifteen years. The trial court sentenced Alonzo to six years' confinement and a $2,000 fine for evading arrest and nine years' confinement and no fine for each of the smuggling counts, with all seven sentences to run concurrently.

## ANALYSIS

### *Sentencing*

#### *Applicable Law*

"The decision of what particular punishment to assess within the statutorily prescribed range for a given offense is a normative, discretionary function." *Barrow v. State*, 207 S.W.3d 377, 379–80 (Tex. Crim. App. 2006). "A trial judge is given wide latitude to determine the appropriate

sentence in a given case." *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015). An appellate court "cannot step into the shoes" of the trial court and substitute its judgment for that of the trial court unless the trial court clearly abused its discretion. *Id*. "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the jury's (or trial court's, in a bench trial) informed normative judgment, is unassailable on appeal." *Barrow*, 207 S.W.3d at 381 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003)).

*Application*

Evading arrest or detention is "a felony of the third degree" if "the actor uses a vehicle while the actor is in flight." TEX. PENAL CODE ANN. § 38.04(b)(2). "An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years," and "may be punished by a fine not to exceed $10,000." TEX. PENAL CODE ANN. § 12.34. Smuggling of persons is "a felony of the second degree" if "the smuggled individual is a child younger than 18 years of age at the time of the offense" or "the offense was committed with the intent to obtain a pecuniary benefit[.]" TEX. PENAL CODE ANN. § 20.05(b)(1)(B), (C). "An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years," and "may be punished by a fine not to exceed $10,000." TEX. PENAL CODE ANN. § 12.33.

On appeal, Alonzo argues the trial court abused its discretion in imposing these sentences. But the trial court sentenced Alonzo squarely "within the statutorily prescribed range" for the offenses. *Barrow*, 207 S.W.3d at 379–80; *Tapia*, 462 S.W.3d at 46. As the trial court's discretion to impose a sentence within that range is "essentially unfettered," the sentences are "unassailable on appeal." *Barrow*, 207 S.W.3d at 381. We therefore overrule Alonzo's sole issue in each cause.

**CONCLUSION**

We affirm the trial court's judgments.

Beth Watkins, Justice

DO NOT PUBLISH