

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00090-CR

ROY DAVID ALLEN, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2023F00056

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

We consider whether, in a non-capital case, mitigation evidence required a lighter sentence. We conclude that the jury's punishment verdict, and the trial court's judgment based on that verdict, were within the statutory punishment range. We affirm.

**I.      Background**

On April 10, 2024, Roy David Allen, Jr., pled guilty to two offenses: possession of four grams or more but less than 200 grams of methamphetamine, a felony of the second degree, and attempted tampering with evidence, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (Supp.); TEX. PENAL CODE ANN. § 15.01(a), § 37.09(c) (Supp.). The indictment for possession of methamphetamine alleged that, by virtue of a prior felony conviction of possession of a controlled substance, Allen's punishment is subject to enhancement to the first-degree punishment range of five to ninety-nine years' or life imprisonment. *See* TEX. PENAL CODE ANN. § 12.42(b). Allen pled true to the enhancement allegations. Thus, under the habitual-offender statute, Allen faced a prison sentence of five to ninety-nine years' or life imprisonment. Allen elected to have punishment assessed by a jury.

The punishment trial was held on April 10, 2024. The jury assessed punishment at twenty-four months' confinement for the attempted tampering with evidence and thirty-five years' confinement for possession of methamphetamine. The trial court entered judgments consistent with the punishments set by the jury.

Via a single consolidated brief, Allen contends that, by setting his punishment on the possession charge at thirty-five years' confinement in prison, the jury and the trial court failed to give "proper weight" to the mitigation evidence he presented at the punishment trial.[1]

## II.    Standard of Review

"The decision of what particular punishment to assess within the statutorily prescribed range for a given offense is a normative, discretionary function." *Barrow v. State*, 207 S.W.3d 377, 379–80 (Tex. Crim. App. 2006). "Texas is one of the few states that allow defendants the privilege, by statute, of opting for jury assessment of punishment." *Id.* at 380.

In death penalty cases, there has been extensive litigation regarding what mitigating evidence a jury must be allowed to hear and what mitigation findings must be made. *See, e.g.*, *Mays v. State*, 318 S.W.3d 368, 391 (Tex. Crim. App. 2010); *Smith v. Texas*, 543 U.S. 37, 45 (2004) (per curiam). Likewise, in death penalty cases, there has been extensive litigation regarding the standard of review regarding mitigation findings. *See Mosley v. State*, 666 S.W.3d 670, 679 (Tex. Crim. App. 2023).

This, however, is not a death penalty case.

*Barrow* observed that "[s]ubject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the jury's (or trial court's, in a bench trial) informed normative judgment, is unassailable on appeal." *Barrow*, 207 S.W.3d at 381

---

[1]The mitigation evidence spanned more than twenty years of Allen's life. Allen's maternal uncle, Ricky Reynolds, testified that, in December 2001, when Allen was 22, Allen's father killed Allen's mother, and then killed himself. Reynolds testified that, before that, Allen had already committed a felony. According to Reynolds, Allen's father was an abusive alcoholic, and therefore, Allen "grew up in an abusive home." Reynolds testified that he tried to help Allen over the years.

(footnote omitted) (citations omitted). Allen does not make an Eighth Amendment challenge, but as context for *Barrow*, it is worth noting that "[t]he Eighth Amendment, which forbids cruel and unusual punishments, contains a '*narrow* proportionality principle' that 'applies to noncapital sentences.'" *Ewing v. California*, 538 U.S. 11, 20 (2003) (plurality op.) (emphasis added) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996–97 (1991) (Kennedy, J., concurring in part and concurring in judgment) (plurality op.)). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Id.* at 21 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)). This is true even for punishment under a recidivism statute such as Section 12.42(b) of the Texas Penal Code. *Rummel v. Estelle*, 445 U.S. 263, 285 (1980). "The recidivism statute 'is nothing more than a societal decision that when such a person commits yet another felony, he should be subjected to the admittedly serious penalty of incarceration for life, subject only to the State's judgment as to whether to grant him parole.'" *Ewing*, 538 U.S. at 20 (quoting *Rummel*, 445 U.S. at 278).[2]

## III.    Analysis

Allen invites this Court to create a new standard for appellate review based on the standards applicable in capital cases. However, appellate review of mitigation in capital cases springs from a statutory framework that does not exist in Allen's non-capital case.

Here, the evidence was presented to the jury. The punishment assessed by the jury and incorporated into the judgment of the trial court was within the statutory punishment range made

---

[2]Proof beyond a reasonable doubt of qualifying prior convictions is required for enhancement under Section 12.42(b). *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008). Here, Allen pled true to the Section 12.42(b) enhancement.

4

available by Section 12.42(b).  *See* TEX. PENAL CODE ANN. § 12.42(b).  Since the sentence of thirty-five years is within the statutory range, it was within the respective zones of discretion of the jury and the trial court.  *See Barrow*, 207 S.W.3d at 379–80.  Because this is not a death penalty case, Allen's mitigation argument drawn from capital jurisprudence is unavailing.

## IV.     Conclusion

"The discretionary assessment of punishment within legislatively prescribed boundaries has long been ingrained and accepted in American jurisprudence."  *Id.* at 381.  We overrule Allen's point of error.

We affirm the judgment of the trial court.[3]


Jeff Rambin
Justice


Date Submitted:      February 7, 2025
Date Decided:        April 11, 2025

Do Not Publish

---

[3]As addressed in a companion opinion, Allen makes no complaint regarding the twenty-four month sentence for Allen's conviction of attempted tampering with evidence.