# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00132-CR

**Michael Timothy McGoldrick, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 06-027-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Timothy McGoldrick pleaded guilty to and was convicted on twenty-one counts of possession of child pornography. The district court assessed sentences of ten years in prison on each count. The sentences on the first five counts were set to run consecutively, while the remainder were to run concurrently with each other. The court ordered these latter sixteen concurrent terms to run consecutively to the first five, and to be probated for ten years. The resulting aggregate sentence is fifty years in prison, plus an additional ten-year prison term probated for ten years. In a single point of error, McGoldrick contends that the sentences violate the Eighth Amendment of the United States Constitution because they are grossly disproportionate to the offenses. We affirm.

At the punishment hearing before the district court, Detective Les St. James of the Williamson County Sheriff's Office testified that he found 294 images of child sexual abuse

on McGoldrick's computer.[1]  The images were located on the computer hard drive in user-created folders, indicating that McGoldrick intentionally downloaded and "manipulated" the image files. St. James also found two videos on the computer that he believed showed sexual intercourse involving a child.  Although a search of McGoldrick's residence showed he had taken pictures of minor girls as part of a photography business, St. James testified that he did not find any sexually explicit photographs of a minor taken by McGoldrick or uploaded by McGoldrick to the internet. St. James also testified that he did not find any evidence of financial transactions related to any of the images on McGoldrick's computer.

McGoldrick presented several family members and friends who testified that he was remorseful and would be a good candidate for probation.  He called a psychologist who had experience with assessing the risk that criminals, including sex offenders, pose to the community. The psychologist opined that, although McGoldrick somewhat minimized his role in possible injury to the subjects of the photographs, he was remorseful, treatable, and unlikely to reoffend.

After the close of evidence and argument, as the court began to assess sentence, McGoldrick objected to the cumulation of any of the sentences.  He complained that the statute (Tex. Penal Code Ann. § 3.03 (West Supp. 2006)) is unconstitutional because it "gives absolutely no guidance to any court as to when to effectuate cumulation of sentences."  After the judgment was signed, McGoldrick filed a motion for new trial in which he argued that the stacking of the sentences created a term of imprisonment that is disproportionate to the crime, and therefore cruel and unusual

---

[1]  St. James also testified that he found over 6,000 additional images of child erotica.

2

in violation of the Eighth Amendment of the United States Constitution. The motion was overruled as a matter of law after the expiration of seventy-five days. *See* Tex. R. App. P. 21.8.

On appeal, McGoldrick contends that the district court's stacking of sentences has created an unconstitutionally cruel and unusual term of imprisonment. He complains that it is grossly disproportionate to the offense, both on its own and in comparison with sentences assessed against others (for other offenses) in Williamson County and beyond (for the same offense).

The State asserts that McGoldrick waived these arguments because there is no indication that he brought them to the district court's attention. To preserve error for appellate review, a defendant must make a timely, specific objection and obtain a ruling from the trial court. Tex. R. App. P. 33.1. This requirement applies even to errors of constitutional dimension, including those asserting that a sentence is cruel and unusual. *Solis v. State,* 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (cited by *Jackson v. State,* 989 S.W.2d 842, 844 n.3 (Tex. App.—Texarkana 1999, no pet.)); *see also Henderson v. State,* 962 S.W.2d 544, 558 (Tex. Crim. App. 1997). To preserve an issue by motion for new trial, a defendant must present the motion to the trial court. Tex. R. App. P. 21.6. The defendant cannot merely file the motion for new trial, but must ensure that the trial court has actual notice of the motion. *See Carranza v. State,* 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (interpreting predecessor rule). Actual notice may be shown by such things as the judge's signature or notation on a proposed order or by a hearing date set on the docket. *Id.* There is no such presentment of the motion for new trial shown in this record. There is no entry on the district court's docket sheet regarding the motion for new trial, no hearing was set or held, there is no signature by the judge on the motion, and there is no indication in the

3

record that the court had actual knowledge that the motion for new trial was filed. Thus, the arguments raised only in the motion for new trial are not preserved for our review.

McGoldrick contends that he preserved his right to challenge disproportionality through his objection at the punishment hearing. His oral objection was that the failure of the legislature to provide any guidance as to when to cumulate sentences is a "fundamental due process violation in the enactment of the statute."[2] The statute provides in relevant part as follows:

> If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:
>
> . . . .
>
>   (2) an offense:
>
>     (A) under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or
>
>     (B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A) committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of more than one section; or

---

[2] McGoldrick's objection at the hearing that the enactment of the statute violated his right to due process does not fully square with his contentions in his original appellate brief that the sentence imposed is grossly disproportionate in violation of the Eighth Amendment. Because McGoldrick's reply brief reiterates the trial objection and because the issues at stake are important constitutional concerns, we will address the merits of McGoldrick's original objection.

(3) an offense:

    (A) under Section 21.15 or 43.26, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections; or

    (B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A), regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of both sections.

Tex. Penal Code Ann. § 3.03(b). The court of criminal appeals has held that the discretion granted by penal code subsection 3.03(b)(2) to cumulate sentences for convictions for two counts of sexual assault of a child did not violate the defendant's right to due process. *Barrow v. State,* 207 S.W.3d 377, 380-82 (Tex. Crim. App. 2006). The court explained that "the discretionary decision whether to cumulate individual sentences no more violates due process than does the decision, by judge or jury, of what particular sentence to impose within the statutorily prescribed range of punishment." *Id*. at 381. The court went on to write, "We do not believe that the legislatively endowed, normative decision whether to cumulate sentences exceeds that level of discretion that the Supreme Court has always recognized as consistent with due process." *Id*. at 382. Because subsection 3.03(b)(2), analyzed in *Barrow*, and subsection 3.03(b)(3), at issue here, apply in essentially the same manner to their respective offenses, the *Barrow* decision compels us to find the enactment of Texas Penal Code section 3.03(b)(3) did not violate McGoldrick's right to due process.

If McGoldrick's general due process objection preserved his disproportionality complaint, we must examine the gravity of the offense and the harshness of the sentence. *Solem v. Helm,* 463 U.S. 277, 290-91 (1983). In the "rare case" that the sentence is grossly disproportionate

5

to the offense, we compare it to sentences imposed for similar crimes in the same jurisdiction and sentences imposed for the same crime in other jurisdictions. *Harmelin v. Michigan,* 501 U.S. 957, 1004-06 (1991) (Kennedy, J., plurality op.) (citing *Solem,* 463 U.S. at 291-92).

We conclude that McGoldrick has not shown that the sentences are grossly disproportionate to the offenses either alone or when partially cumulated. The ten-year sentences assessed on the individual counts are the maximum allowed by statute. *See* Tex. Penal Code Ann. §§ 12.34, 43.26(d) (West 2003). The cumulation of essentially six sentences—the last one probated—is well under the maximum 210 years possible in this case under the cumulation statute. McGoldrick possessed 294 images of girls, some of whom appear to be as young as five or six years old, engaging in various sexual acts and displays including oral sex and sexual intercourse. The victims will be affected for the rest of their lives by the experience of being induced to perform sexually at a young age (some of them with adult men), having that experience photographed, and having those photographs shared with strangers. McGoldrick's examining psychologist testified as follows:

> [McGoldrick] does not understand or see that when these pictures are taken, they're taken of real live human beings and there is some exploitation and harm involved just in that, even though he had nothing to do with the picture taking. . . . He has great shame, guilt, et cetera, et cetera, et cetera. But, I mean, I never really heard from him as understanding of what these little people might have gone through and how this might have harmed their lives.[3]

---

[3] This disconnect extends into his appellate brief, which asserts that, although the children are "undeniably victims" and that possessing child pornography "is egregious, it is not a crime involving violence, brutality, or even physical contact . . . . There is no tangible victim in this case." He distinguishes between the passive possessor of the images and the persons who assault the children and create the images with the children. However, his argument ignores the fact that

6

The trial court's aggregated sentence, although lengthy, was within the parameters established by the legislature for the type of crime committed. The trial court was within its discretion to weigh and assess the evidence, the circumstances, the defendant, and the nature of the crime in imposing sentence.

McGoldrick contrasts his punishment with those given to other defendants in similar local crimes and in identical crimes in other counties. In Williamson County, other defendants received the following punishments for similar crimes: five years of probation for sexual assault of a child; twenty years in prison for sexual assault of a child; and five years of deferred adjudication probation for criminal solicitation of a minor. He cites two defendants convicted of multiple counts of possession of child pornography in two other counties who received four years in prison.

These comparisons are of little analytical value because the record does not contain details about these cases, such as the nature of the assaultive behavior, the nature of the photographs, the duration of the commission of the repeat offenses, or the defendant's acceptance of responsibility. Without such information, we cannot compare the gravity of the offenses or the relative severity of the punishments. Although the elements of certain offenses against children are the same regardless of the age of a minor victim or the number of photographs possessed, the punishment range affords a trial court discretion to adjust the sentence to suit the particular defendant

the legislature has incorporated such a distinction in its classification of related offenses: aggravated sexual assault is a first-degree felony, inducement of sexual performance by a child is a second-degree felony, and possession of child pornography is a third-degree felony. *See* Tex. Penal Code Ann. § 43.26 (West 2003) §§ 22.021, 43.25 (West Supp. 2006). Accordingly, a person who has sex with a child could face a punishment ranging from five years to life in prison, while a person who induces sexual performance could face two to twenty years in prison, and a person who merely looks at photos of the performance could face two to ten years in prison. *See id*. §§ 12.32-.34 (West 2003).

and his or her behavior.  There is simply no record here upon which we may set aside McGoldrick's sentence based on unconstitutional disproportionality.  Like a punishment range for a single offense, the ability to make the sentences run consecutively is another tool granted by the legislature to assist courts in making punishment decisions.  We overrule McGoldrick's asserted error.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   August 29, 2007

Affirmed

Do Not Publish

8