

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00072-CR

**EDDIE RAYSHARD POSEY,**

                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                          **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2077-1736-C2

## MEMORANDUM  OPINION

Eddie Rayshard Posey was convicted of possession with the intent to deliver cocaine in the amount of one gram or more but less than four grams.  TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon 2003).  He was further charged with committing the offense in a drug free zone, that being within 1,000 feet of a youth center.  *Id*. § 481.134(b) (Vernon Supp. 2008).  The jury made that affirmative finding.  Punishment was assessed by the jury at 40 years in prison.  We affirm.

Posey first asks that the appeal be abated so that the trial court can make written findings of fact and conclusions of law in support of its decision to overrule Posey's

motion to suppress. The trial court has now submitted those written findings and conclusions. Posey's first issue is overruled.

In his second issue, Posey argues that the trial court improperly allowed the State to introduce "drug free zone" evidence to the jury at the guilt/innocence phase of the trial. Posey contends that he objected to the testimony of the director of the Dewey Recreational Center and requested that the admission of any drug free zone evidence be restricted to the punishment phase of the trial. But prior to the director's testimony, other witnesses testified about "drug free zone" evidence without objection by Posey.

The Texas Health and Safety Code defines a drug free zone for the purposes of this offense as "within 1,000 feet of premises of a . . . public or private youth center…" TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1) (Vernon Supp. 2008). A youth center is described as any recreational facility or gymnasium that is intended primarily for use by children and regularly provides athletic, civic, or cultural activities. *Id*. § 481.134(a)(7). Two other witnesses testified, without objection by Posey, before the director of the Dewey Center about the location of the Center in relation to the location of where the offence occurred and about the activities that occur at the Center. Lester Williams, a former security guard for the Parkside Villages Apartments where the offense occurred, testified that the location of the Center was across the street from those apartments. He also stated that the Center was a recreational center for children which consisted of a large playground, a small water park, and a basketball court as well as the recreation center, itself. He agreed that a lot of children from the Parkside Villages Apartments go to the Center to play. Additionally, Joe Ashby, a former Waco

Police Officer, testified that the Center is a spot where local children gather to play in the park and has programs for youth. When shown a map of the area, Ashby identified the apartments where the offense occurred as within a 1,000 foot radius of the Center.

To preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. TEX. R. APP. P. 33.1; *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (citing *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)). A party must object each time the inadmissible evidence is offered or obtain a running objection. *Id*. "An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Id*. *See also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("Our rule . . . is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling."). If admission of the "drug free zone" evidenced at the guilt/innocence phase was error at all, it was cured when the other witnesses testified about the Center and its location without objection. Posey's second issue is overruled.

Posey next complains about the trial court's submission of the drug free zone issue in the charge on guilt/innocence. The trial court submitted a special issue asking the jury whether the offense was committed in a drug free zone. Posey objected to the submission of this issue. We assume, without deciding, that it was error to charge a drug free zone issue pursuant to section 481.134(b)[1] in the guilt/innocence phase of the

---

[1] The statute provides for an increase in the grade of the offense "if it is shown at the punishment phase of the trial," that the offense was committed within 1,000 feet of a youth center. TEX. HEALTH & SAFETY CODE ANN. § 481.134(b)(1) (Vernon Supp. 2008).

trial and proceed to the harm analysis. As explained below, we cannot say that, if it was error, it caused Posey some harm. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

Subsection (b) raises the grade of the offense from a second degree felony to a first degree felony if the offense, as it was charged here, was committed within 1,000 feet of a youth center. *See Young v. State*, 14 S.W.3d 748, 752 (Tex. Crim. App. 2000). The *Apprendi*[2] line of cases requires that any discrete finding of fact that has the effect of increasing the maximum punishment that can be assessed must be made by the jury and proved beyond a reasonable doubt. *Barrow v. State*, 207 S.W.3d 377, 379 (Tex. Crim. App. 2006). A jury is thus required to find the offense with which Posey was charged was committed in a drug free zone. We cannot say that it would cause some harm to a defendant who also went to the jury for punishment to have the charge submitted to the jury during guilt/innocence when it would not cause some harm, and in fact would be required by *Apprendi*, to a defendant who elected to have the trial court assess punishment. Posey's third issue is overruled.

Lastly, Posey contends that the trial court erred in allowing the State to introduce inadmissible hearsay evidence before the jury during the punishment phase. Posey objected the first time Officer Harrison began testifying as to hearsay statements made to him. That objection was overruled. But that particular statement by the officer is not what Posey is complaining about on appeal. He complains that a later statement by

---

[2] *See Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002); and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

Officer Harrison, in response to a different question posed by the State, that "[s]he said that there's been numerous times in the past that she had seen him in possession of drugs and firearms[,]" was the inadmissible statement. Posey did not object to the alleged hearsay response by Officer Harrison. Posey has not preserved his complaint for review. TEX. R. APP. P. 33.1. His fourth issue is overruled.

Having overruled each issue presented on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
          Justice Reyna, and
          Justice Davis
Affirmed
Opinion delivered and filed March 25, 2009
Do not publish
[CRPM]