

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00020-CR

———————————————

BERT GRIFFIN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. F16-2045-367

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

Appellant Bert Griffin appeals his convictions on two counts of indecency with a child by contact. We affirm.

## I.        Background Facts

In 2016, Kristen[1] came forward with allegations that Griffin had abused her. According to Kristen, the abuse occurred when she was thirteen years old on a camping trip with her friend Rita and Rita's family. Griffin, thirty-three years old at the time, was dating Rita's aunt and was also in attendance at the camping trip. Kristen testified that at the end of the first night of camping, she was sitting in a chair by the campfire with her knees up to her chest. Kristen had covered herself with a blanket. Rita and her brother, Dan, were also sitting by the fire at the time. Griffin, who appeared intoxicated, joined them and squatted down next to Kristen. While they were talking, Griffin grabbed Kristen's ankle and calf under the blanket several times. Kristen swatted Griffin's hand away from her leg. Griffin then grabbed the back of Kristen's thigh, and she pushed his hand away again. Finally, Griffin grabbed Kristen's genitals. Kristen stated that her shorts were short enough that Griffin pulled the lip of her sexual organ past her shorts. Kristen testified that if not for her shorts, Griffin could have penetrated her sexual organ. Kristen then placed the blanket between herself and Griffin. Before finally walking away from Kristen, Griffin pulled

_____

[1]We use aliases to identify minors in criminal cases. *See* Tex. R. App. P. 9.10.

the blanket away from her, threw it over her head, grabbed her breasts with both of his hands, and whispered that he "would [f . . . ] the [s . . . ] out of [her]."

Dan, who faced Kristen and Rita across the campfire, testified that he saw Kristen move her blanket to one side and place it between herself and Griffin. Dan also stated that he saw Griffin's hand rub across Kristen's chest. Dan further testified that Kristen was upset when Griffin left the campfire. Moreover, after Dan told his father what he had seen and what Kristen had told him about Griffin, his father confronted Griffin, and Griffin did not deny the allegations.

Griffin was subsequently indicted with two counts of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1). A jury found Griffin guilty of both counts. After a punishment hearing, the trial court found that Griffin had been previously convicted of the offenses of sexual assault[2] and possession of a controlled substance and imposed two sentences of life confinement to run consecutively. *See id.* §§ 3.03(b)(2)(A); 12.42(b).

Griffin argues that (1) the evidence is insufficient to support the jury's verdict in count one to prove that with the intent to arouse or gratify his sexual desire, he engaged in sexual contact with Kristen, a child younger than fourteen years old, by

---

[2]In 2007, Griffin pled guilty to sexually assaulting his neighbor. In August 2005, Griffin broke into his fifty-year-old female neighbor's home in the middle of the night and raped her as she begged him to stop. Griffin was twenty years old at the time. As he was raping his neighbor, Griffin repeatedly told the woman that "[she] need[ed] this." Griffin was subsequently sentenced to eight years' confinement in prison and was required to register as a sex offender.

touching Kristen's genitals; (2) the trial court erred by excluding evidence of Kristen's sexual history; and (3) the trial court abused its discretion by ordering his two sentences to run consecutively.

## II. A Rational Trier of Fact Could Have Found Beyond a Reasonable Doubt That Griffin Committed Indecency With a Child as Alleged in Count One.

### A. Standard of review

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622.

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Queeman*, 520 S.W.3d at 622. We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court

4

conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Murray*, 457 S.W.3d at 448–49.

## B. Applicable law

A person commits the offense of indecency with a child if, with a child younger than seventeen years of age, the person engages in sexual contact with the child or causes the child to engage in sexual contact. Tex. Penal Code Ann. § 21.11(a)(1). "Sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. *Id.* § 21.11(c).

## C. The evidence was sufficient to support the jury's verdict.

Kristen's testimony alone is sufficient evidence to support the jury's verdict as to count one.[3] *See* Tex. Code Crim. Proc. Ann. art. 38.07(a); *see also Perez v. State*, 562 S.W.3d 676, 689 (Tex. Crim. App.—Fort Worth 2018, pet. ref'd) (noting

---

[3]Griffin does not challenge the sufficiency of the evidence to support his conviction on Count Two. In Count Two, the State alleged that Griffin did then and there with the intent to arouse or gratify his sexual desire, engage in sexual contact with Kristen by touching the breast of Kristen, a child younger than fourteen years of age.

testimony of child victim alone sufficient to support conviction for sexual assault). However, here, Dan corroborated parts of Kristen's testimony, and no witness contradicted her testimony.

Griffin argues that the jury could not have rationally concluded that he was guilty of touching Kristen's genitals because her story shifted over time. Griffin points to the fact that Kristen told the prosecutor in this case that Griffin touched her genitals *over* her clothing, but that during her forensic interview she stated that he touched her genitals *under* her clothing. However, during her testimony, Kristen explained that upon reviewing her forensic interview, she recalled that Griffin touched her genitals "[s]kin to skin." The jury could have reasonably believed Kristen because, as she testified, her forensic interview occurred just days after the incident while her discussion with the prosecutor occurred two years later: thus, the jury could have believed that Kristen's memory regarding the events that occurred at the camping trip was more accurate closer in time to the incident than it was two years after the incident. Indeed, the jury can choose to believe or disbelieve witnesses or any portion of their testimony or the weight to be given to it, and may believe a witness, even though she is contradicted. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim App. 1986). The jury is entitled to reject one version of the facts and accept another. *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984).

Moreover, to the extent that Kristen's trial testimony was inconsistent with her initial accounts, in a sufficiency review, we do not resolve conflicts of fact or assign

6

credibility to the witnesses. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). Inconsistencies in the evidence are resolved in favor of the verdict. *Id.*; *Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017). We have often applied this rule in indecency cases when there are inconsistencies between the child complainant's initial reports to investigators and the child's testimony at trial. *See, e.g., Thompson v. State*, No. 02-15-00301-CR, 2017 WL 710630, at *2–3 (Tex. App.—Fort Worth Feb. 23, 2017, pet. ref'd) (mem. op., not designated for publication); *Suarez v. State*, No. 02-10-00026-CR, 2011 WL 2518792, at *2 (Tex. App.—Fort Worth June 23, 2011, no pet.) (mem. op., not designated for publication); *Perez v. State*, No. 2-06-225-CR, 2007 WL 2744914, at *2, *4 (Tex. App.—Fort Worth Sept. 20, 2007, pet. ref'd) (mem. op., not designated for publication); *Franklin v. State*, 193 S.W.3d 616, 618–19 (Tex. App.—Fort Worth 2006, no pet.). In *Thompson*, for example, we held that the inconsistencies between the complainant's forensic interview and her trial testimony did not render the evidence insufficient. 2017 WL 710630, at *2–3. We reasoned that any inconsistencies might fairly be attributed to a number of inoffensive factors, none of which would necessarily render the complainant's testimony wholly incredible: the complainant's youth; the passage of years between the offense, the outcry, and the trial; or the different settings under which each account was given—"being interviewed by a friendly social worker in a small room is hardly the same as testifying from the witness stand in a courtroom full of people." *Id.* at *2.

7

Similar considerations apply here. Kristen was only thirteen when the abuse occurred, and she was sixteen by the time of trial. She gave her initial accounts privately; she gave her trial testimony publicly and subject to vigorous cross-examination by Griffin's counsel. Thus, we resolve in favor of the verdict any inconsistencies in the details attributing them to her young age, the passage of time, and the change of setting rather than to untruthfulness. Kristen's testimony is sufficient to support Griffin's conviction for indecency in count one. We overrule Griffin's first issue.

## III. The Trial Court Properly Excluded the Evidence of Kristen's Sexual History.

In his second issue, Griffin argues that the trial court erred by excluding evidence of Kristen's sexual history. We disagree.

### A. Standard of review

We review a trial judge's decision on the admissibility of evidence under an abuse-of-discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement. *Id.* If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. *Id.*

## B. Relevant facts

Griffin claims that the State portrayed Kristen as shocked by his conduct and as naïve about sexual matters and that consequently he needed to introduce evidence of Kristen's sexual history in order to show the jury that she was "capable of fabricating her story." Accordingly, at trial, Griffin sought to introduce evidence of Kristen's sexual history through a video recording of an interview she gave in which she discussed it. Griffin also sought to elicit evidence of Kristen's sexual history through cross-examination.

After defense counsel made his offer of proof, the trial court ruled that the proffered evidence should be excluded. The trial court ruled that evidence of Kristen's sexual history was inadmissible because (1) specific instances of conduct cannot generally be inquired into for the purpose of attacking or supporting a witness's credibility pursuant to Texas Rule of Evidence 608(b); (2) there was no applicable exception that allowed the admission of specific instances of conduct pursuant to Texas Rule of Evidence 404(b); and (3) the State met its burden to show that the balancing test, required by Texas Rule of Evidence 403, weighed against the admissibility of the proffered evidence.

## C. The trial court did not abuse its discretion by excluding the evidence of Kristen's sexual history.

Reputation or opinion evidence of the past sexual behavior of an alleged victim is inadmissible in a prosecution for certain crimes. *See* Tex. R. Evid. 412(a). This rule

does not apply to indecency with a child cases. *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005) (stating Rule 412 "does not on its face apply to a case of indecency with a child"). Because Rule 412 does not apply to indecency with a child cases, we must review the admissibility of such evidence under other rules of evidence. *See Hammer v. State*, 296 S.W.3d 555, 563–68 (Tex. Crim. App. 2009).

We start with the proposition in rule 401 that evidence must be relevant to be admissible. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex. R. Evid. 401. Thus, to be relevant, evidence must be material and probative. *Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001). For evidence to be material, it must be shown to be addressed to the proof of a material proposition, which is "any fact that is of consequence to the determination of the action." *Id.* (quoting 1 Steven Goode et al., Tex. Prac.: Guide to the Tex. R. of Evid.: Civ. And Crim. § 401.1 (2d ed. 1993 & Supp. 1995). "If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial." *Id.* For evidence to be probative, it "must tend to make the existence of the fact 'more or less probable than it would be without the evidence.'" *Id.* Irrelevant evidence is not admissible. Tex. R. Evid. 402.

Griffin does not articulate how evidence of Kristen's sexual history would have made it "more or less probable" that he grabbed her breasts and genitals with the intent to arouse or gratify his sexual desire. Instead, Griffin argues that evidence of

10

Kristen's prior sexual experience would have shown that she was "capable of fabricating" her claim against him. We disagree. Under the facts of this case, evidence of Kristen's sexual history would only show that she was sexually active at some point in her history. It does not tend to establish that Kristen fabricated her claim against Griffin. Evidence of Kristen's sexual history would not have made it "more or less probable" that her testimony regarding Griffin's actions was true or false. *See* Tex. R. Evid. 401; *see also Gonzalez v. State*, No. 12-11-00205-CR, 2012 WL 4497999, at *8 (Tex. App.—Tyler Sept. 28, 2012, pet. ref'd) (mem. op., not designated for publication) (holding evidence of victim's prior sexual history would not make it more or less probable that B.P.'s testimony was untrue); *Woods v. State*, 301 S.W.3d 327, 335 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding evidence of extraneous sexual act involving same victim irrelevant). Accordingly, the trial court would not have abused its discretion if it had excluded the evidence of Kristen's sexual history because it was not relevant.

Moreover, as Griffin concedes, specific instances of conduct cannot generally be inquired into for the purpose of attacking or supporting a witness's credibility. *See* Tex. R. Evid. 608(b) Evidence of specific instances of conduct may, however, be admissible under Texas Rule of Evidence 404(b) if offered to prove motive, opportunity, intent, or any of the other facts enumerated in the rule. *See* Tex. R. Evid. 404(b); *Hammer*, 296 S.W.3d at 565. In his brief, Griffin claims that he did not seek to admit the evidence of Kristen's sexual history to show that she was "acting badly in

11

accordance with a bad lifestyle," but his appellate brief belies that assertion.[4]

Moreover, Griffin fails to offer any legitimate exception to character conformity as a basis to admit the evidence of Kristen's sexual history pursuant to rule 404(b).

And even if Griffin had raised a sufficient exception to overcome rule 404's prohibition against the admission of evidence of a person's acts in order to prove character conformity, the trial court would not have abused its discretion in excluding the evidence under Texas Rule of Evidence 403. Evidence offered under rule 404(b) is always subject to the balancing test set out in Texas Rule of Evidence 403. *See* Tex.

---

[4]For instance, Griffin argues that he was "entitled to prove that on other occasions [thirteen-year-old Kristen] had welcomed sexual advances." Griffin also states that "[g]iven [Kristen's] attitude toward sex, evidence of her pretrial revelations about sexual activity carried no possibility of 'undue prejudice.'" Similarly, Griffin claims that the evidence of Kristen's sexual history "would have demonstrated that it was less likely that [Kristen] would be offended or feel demeaned by Appellant's conduct" because, according to Griffin, Kristen "seemed to take pride in how often and with how many men she had engaged in sexual conduct."

Moreover, as a part of his sufficiency argument, Griffin discusses evidence that the jury never heard and thus cannot be considered in our sufficiency review. *See McCelvey v. State*, 143 S.W.3d 522, 531 (Tex. App.—Austin 2004, pet. ref'd) (holding when analyzing the sufficiency of the evidence, a reviewing court considers only the evidence that trier of fact was permitted to consider); *Gilkey v. State*, Nos. 05–02–01820–CR, 05–02–01821–CR, 2003 WL 22750761, at *4 (Tex. App.—Dallas Nov.21, 2003, no pet.) (not designated for publication). Specifically, Griffin asserts that [Kristen] "is exceptionally knowledgeable and articulate on issues pertaining to sex." Additionally, Griffin describes in detail Kristen's responses given during her forensic interview in which she discusses her sexual history. Griffin includes this in his sufficiency issue even though he knows that this evidence was not shown to the jury at trial since that is the basis of his second issue in this appeal. It appears that Griffin sought to introduce evidence of Kristen's sexual history in order to malign her. Our state evidentiary rules frown on unnecessary character assassination of the type indulged in by Griffin. *Hammer,* 296 S.W.3d at 563.

12

R. Evid. 403 (reciting court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence).

As it relates to rule 403, Griffin argues that "[g]iven [Kristen's] attitude toward sex, evidence of her pretrial revelations about sexual activity carried no possibility of 'undue prejudice.'" Moreover, Griffin states that the unfair prejudice language of Rule 403 "likely contemplates prejudice to the . . . complainant, who will **_potentially_** be stigmatized if the defendant is able to introduce evidence of [Kristen's] sexual behavior. But, that potential was negligible here. There was no hint that [Kristen] would find her sexual history highly embarrassing if revealed to the jury." Griffin appears to misunderstand the role of rule 403. "Unfair prejudice," as contemplated by rule 403, refers to a tendency to suggest a decision on an improper basis, which is commonly, though not necessarily, an emotional one. *Casey v. State*, 215 S.W.3d 870, 879–80 (Tex. Crim. App. 2007). Evidence might be unfairly prejudicial if it arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence. *Id.* Rule 403's unfair-prejudice component does not weigh a witness's feelings resulting from the admission of particular evidence against that evidence's probative value. *See* Tex. R. Evid. 403. Moreover, Griffin makes no argument that the admission of Kristen's sexual history would not unduly prejudice the jury. Nor does Griffin address any of the other factors presented in a rule 403 analysis. We cannot say that the trial court abused its discretion by excluding

13

Kristen's sexual history based on Texas Rules of Evidence 402, 404(b), and 403. We overrule Griffin's second issue.

## IV. The Trial Court Lawfully Stacked Griffin's Sentences.

In his third through sixth issues, Griffin asserts that the trial court unlawfully ordered his two sentences for indecency with a child by contact to run consecutively. Specifically, Griffin argues that the trial court's order (1) was arbitrary because the trial court made no findings to show a need for an increased sentence (issue three); (2) was cruel and unusual and was grossly disproportionate to his offenses, violating the Eighth Amendment (issues three and five); (3) violated the Separation of Powers doctrine (issue four); and (4) violated the Sixth or Fourteenth Amendments as interpreted by the Supreme Court in *Apprendi* (issue six).

### A. Standard of review

We review a trial court's decision to "stack" or to run sentences consecutively for an abuse of discretion. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a); *Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107, 115 (Tex. Crim. App. 2008); *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.— Houston [14th Dist.] 2001, pet. ref'd). Under Article 42.08 of the Texas Code of Criminal Procedure, the trial judge has the discretion to order the sentences for two or more convictions to run consecutively. Tex. Code Crim. Proc. Ann. art. 42.08(a); *see also* Tex. Penal Code Ann. § 3.03(b)(2)(A). An abuse of discretion will generally be found only if (1) the trial court imposes consecutive sentences when the law requires

concurrent sentences, (2) the trial court imposes concurrent sentences when the law requires consecutive ones, or (3) the trial court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas*, 56 S.W.3d at 765.

## B. Applicable law

Aside from certain statutorily defined exceptions, when an "accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced . . . [and] the sentences shall run concurrently." Tex. Penal Code Ann. § 3.03(a). Griffin was convicted under Texas Penal Code Section 21.11(a)(1) on both counts. *Id.* at 21.11(a)(1). Section 3.03(b) specifically allows consecutive sentencing when, as in this case, an accused is found guilty of more than one statutorily specified sexual offense, including Section 21.11, arising out of the same criminal episode. *See id.* § 3.03(b)(2)(A).

## C. Analysis

Regarding Griffin's contention that the trial court failed to make a finding showing the need for increased punishment, as the State points out, Section 3.03 "does not specify an evidentiary burden to trigger the court's authority to cumulate sentences." *See Bonilla v. State*, 452 S.W.3d 811, 816 n.22 (Tex. Crim. App. 2014) (citing *Owens v. State*, 96 S.W.3d 668, 672 (Tex. App.—Austin 2003, no pet.)). Accordingly, the trial court was not required to make a finding showing a need to stack Griffin's sentences.

15

Griffin also asserts that the trial court's stacking order violates the Eighth Amendment's prohibition against cruel and unusual punishment. He is incorrect; a defendant's punishment of consecutive life sentences is not deemed cruel and unusual punishment. *See Williamson v. State*, 175 S.W.3d 522, 525 (Tex. App.—Texarkana 2005, no pet.) (holding defendant's punishment of three consecutive life sentences for three counts of aggravated sexual assault of a child was not cruel and unusual punishment).

To the extent that Griffin argues that the cumulation order violates the Eighth Amendment because it is grossly disproportionate to his crimes, Griffin failed to carry his burden on appeal to demonstrate that his consecutive sentences were grossly disproportionate to his offenses. *Solem v. Helm*, 463 U.S. 277, 290–91, 103 S. Ct. 3001, 3010 (1983). Griffin failed to present any evidence or argument that would go toward satisfaction of the tests which must be met under *Solem* and *Harmelin. See Harmelin v. Michigan*, 501 U.S. 957, 1004–05, 111 S. Ct. 2680, 2707 (1991); *Solem,* 463 U.S. at 290–91, 103 S. Ct. at 3010 (requiring in proportionality analysis, evidence comparing defendant's sentence with sentences received by other offenders in same jurisdiction and with sentences imposed for same crime in other jurisdictions); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) (noting in light of *Harmelin, Solem* is to apply only when threshold comparison of crime committed to sentence imposed—leads to inference of "gross disproportionality"). That is, Griffin provided no evidence comparing his sentence with sentences received by other offenders in the same jurisdiction for the same crime and with sentences imposed for the same crime in

16

other jurisdictions. Accordingly, Griffin has failed to carry his burden to show that his consecutive sentences for two counts of indecency with a child by contact were grossly disproportionate to his offenses and thus unconstitutional. *See Pantoja v. State*, 496 S.W.3d 186, 193 n.4 (Tex. App.—Fort Worth 2016, pet. ref'd) (declining to undergo proportionality analysis because appellant offered no evidence of sentences imposed in same jurisdiction and other jurisdictions); *see also Hammer v. State*, 461 S.W.3d 301, 303–04 (Tex. App.—Fort Worth 2015, no pet.) (overruling appellant's claim that punishment was grossly disproportionate to offense because appellant offered no evidence in connection with motion for new trial of sentences imposed for same crime in same jurisdiction and other jurisdictions).

Griffin next argues that the effect of the trial court's order stacking his sentences violated the separation-of-powers doctrine. The Fourteenth Court of Appeals examined this issue in *Wilson v. State.* 348 S.W.3d 32 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd), *vacated on other grounds*, 568 U.S. 802 (2012).[5] In *Wilson*, the appellant argued that when the Texas Legislature created mandatory sentences, "the authority of the Parole Board [i.e. the executive branch was] inappropriately vested in the prosecuting attorney [i.e. the judicial branch] because the prosecutor may now

---

[5]*Wilson* was reversed after the Supreme Court held that the Eighth Amendment "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *See Miller v. Alabama*, 567 U.S. 460, 479, 132 S. Ct. 2455 (2012); *Wilson v. State*, No., 14-09-01040-CR, 2012 WL 6484718, at *1–4 (Tex. App.—Houston [14th Dist.] Dec. 13, 2012, no pet.) (mem. op., not designated for publication).

determine whether the convict [was] eligible for Board consideration." *Id.* at 43. The court stated that to "deprive the prosecutor of his/her discretion in favor of ensuring the Board has authority to determine parole for all inmates would shift power from the judiciary to the executive branch. To do so without clear constitutional mandate would result in an inappropriate exercise of this court's authority." *Id.* at 44.

Similarly, depriving the trial court of its discretion to stack sentences to allow the Parole Board to release a prisoner earlier would shift power from the judicial branch to the executive branch. Such action would be an inappropriate exercise of this court's authority. *See id.* The trial court's stacking order did not violate the principle of separation of powers between the branches of government.

Finally, Griffin argues that the trial court's stacking order violated *Apprendi v. New Jersey.* 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000). The Court of Criminal Appeals dealt with this issue in *Barrow v. State.* 207 S.W.3d 377 (Tex. Crim. App. 2006). In *Barrow*, the Court of Criminal Appeals held that it was within the trial court's discretion to stack the sentences and that such sentences did not violate *Apprendi. Id.* at 380. For these reasons, we cannot say that the trial court's stacking order violated *Apprendi.*

Griffin further argues that the United States Supreme Court's decision in *United States v. Haymond* extended *Apprendi* to the facts of this case. 139 S. Ct. 2369, 2373 (2019). However, the *Haymond* decision centered on the fact that the defendant was eligible for an additional sentence only because the judge made a fact finding. *Id.*

18

at 2375. In contrast, as mentioned above, Texas's stacking scheme is purely discretionary and is not based on any required fact finding by the trial judge. *See Barrow*, 207 S.W.3d at 379–80; *see also* Tex. Code Crim. Proc. Ann. art. 42.08(a); Tex. Penal Code Ann. § 3.03(b). As such, we do not find the *Haymond* decision to be applicable in this case. Accordingly, we overrule Griffin's third, fourth, fifth, and sixth issues.

## V. Conclusion

Having overruled Griffin's six issues, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 14, 2021

19