**AFFIRMED and Opinion Filed May 19, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00293-CR**
**No. 05-20-00294-CR**
**No. 05-20-00295-CR**

**EVERARDO RAUL SANCHEZ CABRERA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 199-82637-2019 CT. I, 199-82637-2019 CT. II,**
**199-82637-2019 CT. III**

## MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Reichek

Everardo Raul Sanchez Cabrera appeals the trial court's assessment of punishment following his open pleas of guilty to two counts of aggravated sexual assault of a child and one count of indecency with a child by contact. In a single issue, appellant contends the trial court abused its discretion by failing to meaningfully consider the full range of punishment. Concluding appellant's arguments are without merit, we affirm the trial court's judgments.

The right to be sentenced by a judge who properly considers the entire range of punishment is a substantive right necessary to the proper functioning of our

criminal justice system. *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). However, a trial judge is given wide discretion in sentencing and, as long as the sentence is within the proper range of punishment, and there is some evidence upon which the trial court could have relied in assessing punishment, we generally will not disturb the decision on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). In the absence of a clear showing to the contrary, we presume the trial judge was neutral and detached and that she considered the full range of punishment when sentencing the defendant. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

The trial judge in this case assessed appellant's punishment at forty years' confinement in each of the aggravated sexual assault cases and twenty years' confinement in the indecency with a child by contact case. All three sentences were set to run concurrently. Appellant concedes the sentences imposed are within the statutorily permissible ranges for the offenses. But he argues it is not apparent from the record whether the court gave "serious consideration" to a lesser sentence and "no explanation was given as to why a sentence on the lower end of the range would not have been just as sufficient in order to protect society and punish the defendant." Appellant cites no authority, and we have found none, requiring a trial court to explain or justify on the record the sentence it decides to impose. *See Calderon-Cardona v. State*, No. 05-19-00558-CR, 2020 WL 2897096, at *4 (Tex. App.—

Dallas June 3, 2020, no pet.) (finding appellant's argument that trial court should have explicitly explained punishment choice unsupported and unpersuasive).

Furthermore, nothing in the record indicates the trial judge considered less than the full range of punishment. The court properly admonished appellant regarding the sentencing ranges applicable to the offenses. During the punishment hearing, the judge actively questioned the defendant about his testimony to clarify certain points. After hearing the testimony, the judge spoke at length about the evidence presented, including that the victim, M.V., was twelve years old when the offenses occurred and appellant was the forty-four year old father of a young girl.

M.V. testified at the hearing that she and appellant knew each other from church and she began messaging him on Facebook. After several months of messaging, appellant asked to meet with M.V. in person. Appellant picked M.V. up at a car wash near her house and took her to his apartment. Once there, appellant locked the door, forcibly pulled M.V. into his bedroom, covered the window with a towel, and sexually assaulted her.

Although appellant contends the judge "gave too little, if any, consideration to counsel's argument that the victim and defendant conversed freely before their meeting, and that she went voluntarily to their initial meeting place," the record indicates the opposite. During his closing argument, defense counsel stressed that the victim initiated the contact with appellant and went with him willingly. The court responded that, although M.V. may have initiated the contact, it was

appellant's responsibility as the adult to set appropriate boundaries. She further noted that she had a hard time understanding an argument that an eleven to twelve-year-old girl could be perceived as pursuing someone in a sexual manner. In her statements immediately prior to sentencing, the judge focused on the fact that appellant consistently referred to his interactions with the victim as a "game" and that he appeared to be blaming the child for what had occurred. The judge was concerned about appellant's apparent refusal to take responsibility for his actions.

"The discretionary assessment of punishment within the legislatively prescribed boundaries has long been ingrained and accepted in American jurisprudence." *Barrow v. State*, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006). Where, as here, the record fails to show there was any misunderstanding regarding the correct range of punishment, and it is clear the trial court considered the evidence before sentencing, we cannot conclude the trial court abused its discretion. *See Brumit,* 206 S.W.3d at 645.

We affirm the trial court's judgments.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
200293F.U05

—4—



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EVERARDO RAUL SANCHEZ
CABRERA, Appellant

No. 05-20-00293-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-82637-
2019 CT. I.
Opinion delivered by Justice
Reichek. Justices Schenck and
Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered May 19, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

EVERARDO RAUL SANCHEZ
CABRERA, Appellant

No. 05-20-00294-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-82637-
2019 CT. II.
Opinion delivered by Justice
Reichek. Justices Schenck and
Carlyle participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered May 19, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EVERARDO RAUL SANCHEZ
CABRERA, Appellant

No. 05-20-00295-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-82637-
2019 CT. III.
Opinion delivered by Justice
Reichek. Justices Schenck and
Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered May 19, 2021