

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00321-CR

Charles I. **COPELAND**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR10159
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: November 2, 2022

AFFIRMED

Appellant Charles Copeland appeals his conviction (two counts of indecency with a child by exposure), arguing that the trial court committed reversible error in the punishment phase by refusing to instruct the jury that Copeland's sentences could run consecutively if the trial court so ordered.  Finding no error, we affirm.

## BACKGROUND

Appellant Charles Copeland was convicted of two counts of indecency with a child by exposure.  During punishment phase proceedings, Copeland asked the trial court to instruct the

jury that the State was seeking consecutive sentences: "We'd like to add an instruction to the jury regarding the possibility or potential for a stacked sentence, a consecutive sentence, and that it's up to the Court to determine whether the sentences for each count will run consecutive or concurrent." The trial court denied the request.

The jury was instructed that the offense of indecency with a child by exposure is subject to a term of imprisonment "not more than ten years or less than two years." It was charged with assessing Copeland's punishment for each count within that range. It was not informed that the trial court could cause those punishments to run consecutively, i.e., that the trial court could "stack" the sentences.

This appeal followed.

### STANDARD OF REVIEW

The first part of a jury charge appeal is to determine whether the trial court committed error, i.e., "that any requirement of various statutory provisions referenced in Article 36.19 'has been disregarded.'" *See Posey v. State*, 966 S.W.2d 57, 59 (Tex. Crim. App. 1998) (citing TEX. CODE CRIM. PROC. ANN. art. 36.19; *Almanza v. State*, 686 S.W.2d 157, 160–74 (Tex. Crim. App. 1984) (op. on reh'g)). If this court finds error in the jury charge, then the error is subject to harm analysis. *See id*.

### DUTY TO INSTRUCT ON "STACKING"

**A.     Parties' Arguments**

Copeland argues that the trial court's refusal to inform the jury that the trial court may choose to run the jury's assigned punishments consecutively violates article 36.19 of the Texas Code of Criminal Procedure via article 36.14. The State responds that, because the decision to run Copeland's sentences consecutively or concurrently lies solely within the trial court's purview, the

law regarding "stacking" is not applicable law for the jury and that the trial court has no duty to instruct the jury on it.

**B.      Law**

Texas Code of Criminal Procedure 36.14 states in relevant part: "[T]he judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case…."  TEX. CODE CRIM. PROC. ANN. art. 36.14; *accord Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2007); *Alcoser v. State*, No. PD-0166-20, 2022 WL 947580, at *2 (Tex. Crim. App. Mar. 30, 2022).

How a judge decides what law is applicable for punishment instruction is ultimately the responsibility of the trial court and must be based on available statutes and caselaw.  *Taylor v. State*, 332 S.W.3d 483, 488 (Tex. Crim. App. 2011) (citing *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)); *Posey v. State*, 966 S.W.2d 57, 69 (Tex. Crim. App. 1998) (citing *Doyle v. State*, 631 S.W.2d 732, 738 (Tex. Crim. App. 1982) (plurality opinion)).

The current guidance regarding a "stacking" instruction is that it is improper to give.  *See Robles v. State*, No. 02-21-00131-CR, 2022 WL 3097288, at *3 (Tex. App.—Fort Worth Aug. 4, 2022, no pet. h.) (citing *Stewart v. State*, 221 S.W.3d 306, 316 (Tex. App.—Fort Worth 2007, no pet.); *Clay v. State*, 102 S.W.3d 794, 798 (Tex. App.—Texarkana 2003, no pet.)); *Tellez v. State*, No. 08-13-00141-CR, 2015 WL 5449728, at *7–8 (Tex. App.—El Paso Sept. 16, 2015, pet. ref'd) (not designated for publication); *Villarreal v. State*, No. 13-08-00601-CR, 2010 WL 2638486, at *2 (Tex. App.—Corpus Christi–Edinburg June 29, 2010, no pet.) (mem. op., not designated for publication); *Peterson v. State*, Nos. 01-02-00603-CR, 01-02-00604-CR, 2003 WL 22681607, at *5 (Tex. App.—Houston [1st Dist.] Nov. 13, 2003, pet. ref'd) (mem. op., not designated for publication).

"Stacking", like sentencing,[1] has been described as a normative policy decision. *Barrow v. State*, 207 S.W.3d 377, 382 (Tex. Crim. App. 2006). But while Texas provides a statutory right for defendants to elect a jury sentencing,[2] the decision whether to run a defendant's sentences consecutively or concurrently has remained firmly within the discretion of the trial court. *Barrow*, 207 S.W.3d at 382; *accord Grizzle v. State*, No. 10-14-00204-CR, 2015 WL 222349, at *5 (Tex. App.—Waco Jan. 15, 2015, pet. ref'd). The effect has been that no Texas court of appeals has held that a trial judge is expected to instruct on cumulative sentencing. *See, e.g., Stewart v. State*, 221 S.W.3d 306, 316 (Tex. App.—Fort Worth 2007, no pet.); *Clay v. State*, 102 S.W.3d 794, 798 (Tex. App.—Texarkana 2003, no pet.).

## C. Analysis

Copeland's point is well-taken that when jurors are not instructed on the possibility of "stacking," their own process lacks transparency to them, and they cannot be said to be making a fully rational decision as to what they believe is the most appropriate punishment. *See Fuller v. State*, 829 S.W.2d 191, 200 (Tex. Crim. App. 1992), *overruled on other grounds by Castillo v. State*, 913 S.W.2d 529 (Tex. Crim. App. 1995) (citing *Barrow*, 207 S.W.3d at 382) ("Our precedents teach that qualified prospective jurors must be willing to consider the full range of punishment applicable to the offense submitted for their consideration."). This point is especially well-taken, considering that Texas Code of Criminal Procedure Article 37.07, section 4(a), regarding the possibility of parole, is a mandatory instruction. *See Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002); *Villarreal v. State*, 205 S.W.3d 103, 107 (Tex. App.—Texarkana 2006, pet. ref'd, untimely filed).

---

[1] "Deciding what punishment to assess is a normative process, not intrinsically factbound." *Mendiola v. State*, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000) (quoting *Miller–El v. State*, 782 S.W.2d 892, 895–96 (Tex. Crim. App. 1990)).

[2] TEX. CODE CRIM. PROC. ANN. art. 37.07

However, instructing the jury on the trial court's "stacking" discretion could skew results against justice and against a defendant's best interest. *See Camacho v. State*, No. 04-06-00713-CR, 2007 WL 3270766, at \*5 (Tex. App.—San Antonio Nov. 7, 2007, no pet.). In *Camacho*, the defendant-appellant complained that a "stacking" instruction could incentivize a jury to pad its sentences to hedge against concurrent sentences. *See Camacho v. State*, 2007 WL 3270766, at \*5. While acknowledging that a jury is presumed to follow the trial court's instructions, we simply note that a trial court cannot know what conclusions a jury will draw from an instruction that a trial court could "stack" sentences. *See Luquis*, 72 S.W.3d at 362 (discussing the waning applicability of a "good conduct time" instruction).

Ultimately, juries must not be invited to gamble on the final sentencing outcome; they can only be asked to consider the question before them.[3] *See Thompson v. State*, 89 S.W.3d 843, 850–51 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Here, the jury was tasked with deciding what the punishment should be for each count that Copeland was convicted of, not ultimately how long he should be in prison. That was for the trial court to decide. *See Barrow*, 207 S.W.3d at 380 (citing TEX. PEN. CODE ANN. § 3.03; TEX. CODE CRIM. PROC. ANN. art. 42.08). The trial court did not err in denying Copeland's requested "stacking" instruction. *See Stewart*, 221 S.W.3d at 316; *Clay*, 102 S.W.3d at 798.

---

[3] In Kentucky, the legislature has empowered jurors to make a recommendation to the trial judge regarding whether a defendant's sentences should run concurrently or consecutively. *See* KY. REV. STAT. ANN. § 532.055; *Dotson v. Com.*, 740 S.W.2d 930, 931 (Ky. 1987). But no such practice has been adopted in Texas.

**CONCLUSION**

Although Copeland raised the issue of jury charge error after the trial court refused to give his requested "stacking" instruction, we conclude that the trial court's ruling did not constitute error.  Thus, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH