

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00789-CR
No. 04-22-00790-CR

Aaron V. **WELGARZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2019-CR-7938; 2019-CR-7939
Honorable Jennifer Peña, Judge Presiding

Opinion by:   Lori I. Valenzuela, Justice

Sitting:       Beth Watkins, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: October 11, 2023

AFFIRMED

A jury found appellant, Aaron Welgarz, guilty on two counts of aggravated sexual assault of a child, two counts of indecency with a child, and one count of sexual performance by a child. After the jury assessed punishment, the trial court ordered all sentences to run consecutively, resulting in 170 years' confinement. In three issues on appeal, Welgarz asserts (1) the trial court abused its discretion by not granting his motion for mistrial, (2) the trial court abused its discretion

by excluding certain evidence, and (3) his "draconian sentence" violated the prohibition against cruel and unusual punishment. We affirm.[1]

## MOTION FOR MISTRIAL

The child-complainant in this case is A.D. and her mother is "Leann." Leann is Welgarz's former girlfriend. Leann's sister, "Leticia," is the mother of another child, L.G. Both children made outcries against Welgarz. As Leticia was leaving the witness stand at the end of her testimony about her own daughter's outcry, Leticia said to Welgarz, "You shouldn't have [taken] their innocence." Defense counsel objected and asked for a mistrial contending the outburst prejudiced Welgarz. When the trial court denied the request, defense counsel asked for a limiting instruction. The court immediately instructed the jury as follows: "Jury, would you, please, disregard the statement that the witness made to the Defendant as she was walking out of the courtroom." On appeal, Welgarz asserts the trial court should have granted the mistrial because Leticia was a significant witness who gave emotionally charged testimony, and "there was no way to actually disregard her emotional outburst, even with a curative instruction."

The denial of a motion for mistrial is reviewed under the abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004); *Dossett v. State*, 216 S.W.3d 7, 31 (Tex. App.—San Antonio 2006, pet. ref'd). "A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009) (citation omitted). Generally, a mistrial is required only when the improper evidence or testimony is "clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury." *Hinojosa v. State*, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999) (citation

---

[1] Because Welgarz has not challenged the sufficiency of the evidence supporting his conviction, we include only those facts necessary for disposition of this appeal. *See* TEX. R. APP. P. 47.1, 47.4.

omitted).  Whether a given error necessitates a mistrial "must be made by examining the particular facts of the case."  *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

A witness's outburst that interferes with the normal proceedings of a trial will not result in reversible error unless the defendant shows a reasonable probability exists that the conduct interfered with the jury's verdict.  *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *Espinoza v. State*, No. 04-13-00462-CR, 2014 WL 1319353, at *2 (Tex. App.—San Antonio Apr. 2, 2014, no pet.) (mem. op., not designated for publication).  A trial court's instruction to disregard is generally sufficient to cure the impropriety of such an outburst because it is presumed the jury will follow those instructions.  *Id.*  Here, Welgarz merely states in conclusory fashion that "there can be no doubt that [Leticia's] display of grief had a significant impact on the jury."

We conclude Leticia's statement was neither so offensive nor so flagrant that the trial court's immediate instruction to the jury to disregard could not have cured the error.  Leticia's statement was no more harmful than arguably more inflammatory outbursts considered in other cases, which were held not to warrant a mistrial.  *See Coble*, 330 S.W.3d at 291-93 (holding capital murder defendant not entitled to mistrial based on outbursts by two witnesses: (1) "And I hate you for making me go through this again and my kids.  You're mean."; and (2) "Evil piece of shit."); *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (holding capital murder defendant not entitled to mistrial based on outburst by a victim's family member shouting, "You did this for 200 dollars?"); *Brown v. State*, 92 S.W.3d 655, 661-62 (Tex. App.—Dallas 2002), *aff'd on other grounds*, 122 S.W.3d 794 (Tex. Crim. App. 2003) (holding defendant not entitled to mistrial based on victim's father's outburst; father, wearing his dress fireman's uniform when he testified, cried and sobbed during his testimony, and stated, "Give my son justice, please," while looking at the

jury). Therefore, the trial court did not abuse its discretion by denying Welgarz's motion for mistrial.[2]

## EXCLUSION OF EVIDENCE

During Leann's testimony, defense counsel attempted to ask her about whether A.D. was interviewed by CPS in 2014 about an allegation of abuse made by another child in a different criminal case. The State objected on relevancy grounds. Defense counsel explained she wanted to establish a timeline for what else was happening in A.D.'s life. The State explained that the records from the interview had been purged and there was nothing to establish Leann was in the room during any interview. In a bill of exception, defense counsel stated as follows:

> This is a bill of exception regarding the topic of CPS involvement and questioning. If the evidence would have been – which is contained within a 39.14 notice that was admitted previously related to this issue – the witness Leann . . . would have testified that CPS did interview [A.D.] regarding alleged abuse, including sexual abuse.

> And the defense sought to cross-examine Leann and [A.D.] that – the fact that they had been interviewed, specifically [A.D.]. And in this interview, they would have been asked regarding any type of abuse, and that interview would have occurred in 2014.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. A trial "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." *Id.* 403. A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion

---

[2] Welgarz also asserts the trial court did not "effectively" instruct the jury because the court failed to tell the jury not to use the outburst for any purpose during deliberations. Welgarz cites a single case to support this argument—*Espinoza v. State*. 2014 WL 1319353, at *2. We do not interpret *Espinoza*—a case where appellant did not request an instruction to disregard—to support Welgarz's argument that the trial court must use specific language to effectively instruct the jury to disregard a witness's outburst.

standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). There is no abuse of discretion if the trial court's ruling is within the zone of reasonable disagreement. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

On appeal, Welgarz appears to argue the testimony was relevant because "[t]here is no doubt that CPS would have asked A.D. at that time whether she had been (or was being) sexually abused, and the fact that she must have denied it (as evidenced by the lack of any action taken against [Welgarz] at that time) would have been powerful proof that A.D. lied as it relates to Counts 1, 2, and 3 of [the] indictment," that allegedly occurred in May 2006, July 2006, and May 2013—all counts that preceded the 2014 CPS investigation.

The CPS investigation was not targeting Welgarz, it was targeting Leann's fiancé; Leann was not present when CPS interviewed A.D., therefore, she lacked personal knowledge; the records of the investigation were purged because the allegations of abuse were ruled out; and there is no factual basis for Welgarz's contention that CPS would have asked A.D. at that time whether she had been abused. As the State correctly notes on appeal, CPS could have asked A.D. whether she was being abused by Leann's fiancé specifically, "and the honest answer was likely 'no.'"

On this record, we cannot conclude the evidence had any tendency to make a fact more or less probable than it would be without the evidence or that the fact was of consequence in determining the action. TEX. R. EVID. 401. Furthermore, on this record, the trial court could have determined the probative value of the testimony was substantially outweighed by the likelihood of confusing the issues or misleading the jury. *Id.* 403. For these reasons, we conclude the trial court's decision to exclude the testimony was within the zone of reasonable disagreement; therefore, the trial court did not abuse its discretion.

## CRUEL AND UNUSUAL PUNISHMENT

Finally, Welgarz asserts the imposition of his 170-year sentence violates the prohibition against cruel and unusual punishment. *See* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); TEX. CONST. art. I, § 13 ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. . . .").

At the sentencing hearing, the State moved the court to cumulatively stack the sentences. Defense counsel made two arguments against the motion. First, she argued, with no further elaboration, that stacking the sentences would violate the Eight Amendment. On appeal, in a single conclusory sentence, Welgarz contends his punishment was "grossly disproportionate to the severity of the offenses and to [his] culpability . . . ." He acknowledges that "[s]entences [such as the one here] that fall within the statutory limits are generally not considered excessive under the Eighth Amendment." *Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.). But he asks this court to change the law "to allow . . . an argument in the current case where [he] is effectively condemned to die in prison in circumstances where [he] presents a very low risk of re-offending." Welgarz provides no authoritative support for this argument and, as an intermediate court of appeals, we decline his invitation to change the law in this manner.

The second argument made by defense counsel during the sentencing phase and on appeal is that it was an abuse of discretion for the judge presiding over the sentencing phase to cumulate the sentences because the sentencing judge was not the same judge who heard the evidence during the guilt-innocence phase. Welgarz acknowledges the trial court had discretion to stack his sentences. *See* TEX. CODE CRIM. PROC. art. 42.08(a). However, he contends, without authoritative support, only the trial judge who heard the evidence could properly stack his sentences and it was an abuse of discretion for the sentencing judge to do so.

Welgarz contends the cumulation order was improper because the fact-finder—in this case the judge who presided over the guilt-innocence phase—should determine whether his sentences should be cumulated. He relies on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), in which the United States Supreme Court held a defendant has the right to a jury resolution of any issue of fact, under the standard of proof beyond a reasonable doubt, that impacts the upper range of punishment in a criminal case.

In *Barrow v. State*, 207 S.W.3d 377 (Tex. Crim. App. 2006), the Texas Court of Criminal Appeals granted "review to decide whether, under *Apprendi v. New Jersey* and its progeny, the trial court's decision to cumulate [appellant's] sentences violated his right to have the jury assess the facts that affect the maximum range of punishment." *Id.* at 378 (footnote omitted). In that case, the trial court ordered the sentences to run consecutively. On appeal, the appellant argued that, because he elected to have the jury assess punishment, the trial court's decision to cumulate was a violation of his constitutional right to a jury trial and his constitutional right to due process. *Id.* The Court noted "the *Apprendi* line of cases requires that, in any case in which the defendant has elected to exercise his Sixth Amendment right to a jury trial, any discrete finding of fact that has the effect of increasing the maximum punishment that can be assessed must be made by the jury, even if that fact-finding occurs as part of the punishment determination." *Id.* at 379.

The Court stated the *Apprendi* line of cases did not apply to a trial court's decision to cumulate jury-imposed sentences "when that authority is provided by statute and is not based upon discrete fact-finding, but is wholly discretionary." *Id.* ("Thus, *Apprendi* and its progeny clearly deal with the upper-end extension of individual sentences, when that extension is contingent upon findings of fact that were never submitted to the jury. These decisions do not, however, speak to a trial court's authority to cumulate sentences . . .."). Accordingly, the Court determined the decision to cumulate sentences did not turn on a finding of fact; therefore, even if the jury assessed

the sentences, a trial judge may order that the sentences run consecutively. *Id.* at 380. In this case, because the decision to cumulate did not turn on any fact finding, we conclude Welgarz's argument lacks merit.

## CONCLUSION

We overrule Welgarz's issues on appeal and affirm the trial court's judgments.

Lori I. Valenzuela, Justice

DO NOT PUBLISH